Luis Eduardo GUERRERO, M.D., Luis Eduardo Guerrero, M.D., P.A. and Luis Eduardo Guerrero–Ramirez, M.D., Appellants,

v.

Joy Lee SMITH and Kevin Lee Smith, Appellees.

No. A14–92–00964–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 4, 1993.

David L. Elmers, Houston, for appellants.

Edwin McAninch, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellees, Joy Lee Smith and Kevin Lee Smith, sued appellant, Dr. Guerrero, for injuries sustained by Joy as a result of appellant's medical malpractice. The jury ruled in favor of Joy and found that appellant was negligent, grossly negligent, and committed fraud while acting in a fiduciary capacity. The jury also found that appellant's actions constituted reckless disregard for the safety of Joy and were the intentional infliction of emotional distress. The jury awarded Joy (hereinafter "appellee") $2,000,000 in actual damages and $1,250,000 in exemplary damages. Kevin Lee Smith, since divorced from appellee, did not participate in the trial and received no award. We affirm.

Appellant is a licensed medical doctor practicing homeopathic medicine. The record indicates that appellee consulted appellant for several different ailments, including migraine headaches and a sprained wrist. As treatment for appellee's ailments, appellant would inject appellee with a "concoction" made up of vitamins, minerals, and dimethyl sulfoxide (DMSO) which has not been approved for human use by the Food and Drug Administration. Appellee entered into evidence the Medical Practices Act which states that a physician must provide a written statement informing the patient that DMSO is not

approved by the FDA. Appellant admitted that he did not provide such a written statement to appellee.

Before injecting appellee, appellant would not prepare the skin to sterilize it for the injection. He would inject appellant several different times and use the same needle without sterilizing either the needle or appellee's skin. He injected her in her head, between her eyes, in her throat, neck, arms, wrists, hands, elbows, stomach, abdomen, and the outside and inside of her vagina.

Appellee became infected in the exact spots where appellant administered the injections. When appellee asked for antibiotics, appellant refused to give them to her and told her to drink her morning urine instead. Appellee refused to do so and became massively infected. She was taken to an 'emergency room where she was found to be near death from septic shock. She was forced to undergo fasciotomies which involve cutting the skin, subcutaneous tissue, and the layer over the muscle so that swelling due to deep infection does not constrict the blood vessels and press on the nerves causing the limb to die. One of her fingers, parts of her labia, buttocks, and groin were removed. She bears permanent scars and disfigurement and incurred over $300,000 in medical bills.

At trial, Dr. Winston, a licensed medical doctor, testified as an expert witness. It was his opinion that appellant was practicing medicine beneath the standard of care in Harris County or of any physician he had seen. He stated that appellant was practicing medicine outside the law and unsafely. He further testified that in his opinion appellant's conduct constituted gross negligence, intentional infliction of emotional stress, and fraud. He estimated that appellee's future medical bills would be $1,000,000.

Appellant asserts three points of error. First, that the trial court erred in denying his motion for mistrial after appellee's counsel, during his opening statement, had displayed to the jury an inflammatory photograph which had not been introduced into evidence. Second, that the trial court erred in overruling his objection to the testimony of a witness for appellee who had been seated in the courtroom for several hours prior to her testimony, even though the Rule had been invoked. Third, that the trial court erred in overruling his objection to the testimony of a physician as an expert witness for appellee who did not possess the pertinent qualifications required by statute.

In his first point of error, appellant asserts that the trial court should have granted a mistrial after counsel for appellee surreptitiously displayed a photograph of appellee to the jury during his opening statement. Counsel for appellant did not object at the time the photograph was displayed, claiming that he did not see opposing counsel display the photograph because opposing counsel's back was to him. However, the court reporter saw the display, made record of it, and told counsel for appellant at the break. Immediately after the break, counsel for appellant moved for a mistrial, which was denied, and he made a bill of exception. The trial court instructed the jury not to consider any evidence they may have seen prior to appellee's case-in-chief. The same photograph was later admitted into evidence without objection by counsel for appellant.

Rule 265 of the Texas Rules of Civil Procedure governs the order of proceedings in a trial by jury. Rule 265(a) speaks specifically about opening statements and provides in pertinent part:

> (a) The party upon whom rests the burden of proof on the whole case shall state to the jury *briefly the nature of his claim or defense and what said party expects to prove* and the relief sought.

Tex.R.Civ.P. 265(a).

This rule does not afford counsel the right to detail to the jury the evidence which he intends to offer, nor to read or display the documents and photographs he proposes to offer. Where counsel is allowed to detail expectations in the opening statement, he places matters before the jury without the determination of their admissibility. *See Ranger Ins. Co. v. Rogers,* 530 S.W.2d 162, 170 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e). This practice misleads and confuses the jurors as between counsel's mere expectations and evidence that is actually admitted. *Id.*

Although this conduct should not have been tolerated by the trial court, we are bound by the abuse of discretion standard which gives trial courts wide latitude in limiting opening statements. *Id.* We must be convinced that the court's failure to grant the motion for mistrial was such error so as to cause the rendition of an improper judgment. *Id.* at 171. We are not convinced that a different judgment would have resulted in this case had counsel for appellee not displayed the photograph.

First, the record reflects that the same photograph was later entered into evidence with no objection from appellant. The general rule is that error in the admission of evidence is deemed harmless if the objecting party subsequently permits the same or similar evidence to be introduced without objection. *Richardson v. Green,* 677 S.W.2d 497, 501 (Tex.1984). Since the photograph was later introduced without objection by appellant, the display of it by counsel for appellee during his opening statement is deemed harmless.

Second, to obtain reversal of a judgment based on error in the admission or exclusion of evidence, appellant must show error that was calculated to cause and probably did cause the rendition of an improper judgment. *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e), *cert. dism'd,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). In our review of the record, we see that other pictures of appellee during her stages of the infection were admitted into evidence. In addition, there is an abundance of testimony regarding appellant's unorthodox practices. In light of all of the other evidence supporting the jury's verdict, we cannot say that the display of the photograph during opening statement by counsel for appellee caused the rendition of an improper verdict. Although we do not approve of counsel's unprofessionalism, we hold that the trial court did not abuse its discretion in denying the motion for mistrial and, therefore, overrule appellant's first point of error.

In his second point of error, appellant contends that the trial court erred in overruling his objection to the testimony of a witness for appellee who had been seated in the courtroom several hours prior to her testimony even though the Rule had been invoked. See Tex.R.Civ.Evid. 614. The witness, Deborah Lessard, was a spectator at the trial and had heard appellant's testimony. During the break, she approached counsel for appellee and told him that she had worked as a nurse at Twelve Oaks Hospital where some of appellant's patients had allegedly been taken. She said that she had personal knowledge to refute appellant's testimony and to impeach him. Her testimony did not concern appellee's injuries, causation, or damages, but was for impeachment purposes only.

Specifically, Ms. Lessard testified that while working as a nurse in the emergency room at Twelve Oaks Hospital, she recalled providing health care to people who claimed to be patients of appellant. She could only remember the name of one of the patients and stated that the patient reeked of urine. She testified that the patient had been drinking her own urine.

An explanation of the Rule was best given in *Triton Oil & Gas Corp. v. E.W. Moran Drilling Co.:*

> The Rule permits the trial court, at the request of either party in a civil case, to swear and remove the witnesses from the courtroom so they cannot hear the testimony given by any other witness in the case. It has been held that the Rule is directory, not mandatory. When the Rule has been properly invoked, as it was in the case at bar, and a party tenders a witness who has not been placed thereunder or there is some other violation of the rule [sic], the trial court, in the exercise of judicial discretion, must determine whether the witness' testimony will be received. Taking into consideration all of the circumstances, the trial judge may bar the witness from the stand, and his ruling will be upset only on a showing of abuse of discretion. Conversely, upon a similar consideration, the trial judge may, in his discretion, permit the witness to testify, and again the ruling may be upset only upon a showing of manifest abuse of discretion.

*Triton Oil & Gas Corp. v. E.W. Moran Drilling Co.*, 509 S.W.2d 678, 685 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.) (citations omitted); *see also Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 647–48 (Tex.1965); *Parham v. Wilborn*, 746 S.W.2d 347, 349 (Tex.App.—Fort Worth 1988, no writ); *Holmes v. Holmes*, 588 S.W.2d 674, 676 (Tex.Civ.App.—Beaumont 1979, no writ). Thus, we must review all of the circumstances to see if the trial court abused its discretion. In our review, we may not substitute our own judgment for that of the trial court even if we would have decided the matter differently. *Gaines v. Frawley*, 739 S.W.2d 950, 955 (Tex.App.—Fort Worth 1987, no writ).

█ Normally, rulings on questions of excluding or admitting evidence will not be reversed unless the whole case turns on the evidence admitted or excluded. *Nichols v. Howard Trucking Co.*, 839 S.W.2d 155, 158 (Tex.App.—Beaumont 1992, no writ) (citing *Atlantic Mutual Insurance Co. v. Middleman*, 661 S.W.2d 182, 185 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.)). Since the witness' testimony did not concern the appellee's injuries, but was used only for impeachment, we cannot say that the whole case turned upon it. Furthermore, appellant was impeached only as to a matter that did not concern appellee. The trial court did not abuse its discretion in allowing this witness to testify, thus, appellant's second point of error is overruled.

█ In his third point of error, appellant argues that the trial court erred in overruling his objection to the testimony of a physician as an expert who did not possess the qualifications as an expert witness required by statute. TEX.REV.CIV.STAT.ANN. art. 4590i § 14.01 (Vernon Supp.1993) states:

(a) In a suit involving a health care liability claim against a physician for injury to or death of a patient, a person may qualify as an expert witness on the issue of whether the physician departed from accepted standards of medical care only if:

(1) the person is practicing at the time such testimony is given or was practicing at the time the claim arose and has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; or

(2) the court, after a hearing conducted outside the presence of the jury, determines that the person is otherwise qualified to give expert testimony on said issue.

(b) For the purpose of this section, "practicing" includes, but is not limited to, training residents or students at an accredited school of medicine or osteopathy or serving as a consulting physician to other physicians who provide direct patient care, upon the request of such other physicians.

Appellant specifically complains that Dr. Winston, who testified as an expert witness for appellee, is not qualified to do so because he claimed to be a surgeon but has not performed surgery since 1983. However, at the beginning of Dr. Winston's testimony, counsel for appellant stipulated that Dr. Winston was a qualified expert. Shortly thereafter, counsel for appellant took Dr. Winston on voir dire and objected to him testifying as an expert witness. The trial judge overruled the objection on the grounds that counsel for appellant had already stipulated to Dr. Winston's qualification as an expert witness and that the court had made an independent finding that Dr. Winston was qualified.

█ Stipulations comprising the record will be observed and the reviewing court is bound by the stipulation. *Amoco Prod. Co. v. Texas Elec. Serv. Co.*, 614 S.W.2d 194, 196 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ) (citing, *New v. First Nat'l Bank of Midland*, 476 S.W.2d 121 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.)). Although the trial court has the power to modify or set aside a stipulation, if it is not set aside, it is conclusive as to the facts stipulated and all matters necessarily included therein. *Sadler v. Duvall*, 815 S.W.2d 285, 289 (Tex.App.—Texarkana 1991, writ denied). In the present case, the trial court did not set aside the stipulation and since we, as a reviewing court, are bound by the stipulation, we are in no position to disturb it.

Furthermore, the trial court made an independent finding, after a hearing outside the presence of the jury, that Dr. Winston was a qualified expert. TEX.REV.CIV. STAT.ANN. art. 4590i § 14.01(b) (Vernon Supp.1993) specifically grants the trial court the power to make an independent determination that the witness is "otherwise qualified" as an expert. The determination of whether a particular witness is qualified to testify as an expert is a matter of judicial discretion and the trial court's decision will not be overturned unless it clearly abused its discretion. *Warner v. Hurt*, 834 S.W.2d 404, 406 (Tex.App.—Houston [14th Dist.] 1992, no writ). After a review of the record, we cannot say that the trial court abuse its discretion in allowing Dr. Winston to testify as an expert witness. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.