Cauley v. Grocer's Supply 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-106-CV

     BILL AND GAIL CAULEY,
                                                                                              Appellants
     v.

     THE GROCER'S SUPPLY COMPANY, INC.,
                                                                                              Appellee
 

From the 149th District Court
Brazoria County, Texas
Trial Court # 91M1660
                                                                                                    

O P I N I O N
                                                                                                    

      Bill Cauley (Cauley) and his wife Gail sued The Grocer's Supply Company, Inc., (Grocer's
Supply) over injuries sustained by Cauley while he was working in Grocer's Supply's warehouse. 
The jury found that Cauley was 65% responsible and that Grocer's Supply was 35% responsible
for the injuries. The court rendered a take-nothing judgment based on the jury's verdict. In the
first of two points of error, the Cauleys complain that the court erroneously allowed Grocer's
Supply to put on evidence of an "eve of trial" experiment. In their second point, the Cauleys
complain that the court wrongly excluded two photographs from evidence. We will affirm.
      Cauley worked as a contract electrician installing and maintaining the electrical system in
Grocer's Supply's warehouse. Grocer's Supply stores various paper products, such as paper
towels and toilet paper, in eighteen-foot stacks in the warehouse. On September 14, 1990, Cauley
was installing aluminum pipe for lighting fixtures in the warehouse. He stood on a wooden pallet
and a coworker lifted the pallet with a forklift to heights needed to perform the work. While
Cauley was approximately six feet from the ground, a stack of paper products fell toward him. 
Cauley jumped from the pallet to the ground, injuring his back. He claimed that the products were
improperly stacked and that the stack fell over when his coworker hit it with the forklift. 
      On the Friday afternoon before the Monday trial, Grocer's Supply conducted an experiment
at the warehouse in which its employees intentionally hit stacks of paper products with a forklift
in an attempt to topple one. According to the testimony at trial, they were unable to knock over
any of the stacks. Grocer's Supply sought to introduce a videotape of the events into evidence,
but the court excluded it. Several questions later, the witness referred to the experiment. The
Cauleys objected on the grounds that testimony about the experiment would violate the discovery
rules. See Tex. R. Civ. P. 166b, 215. The court overruled the objection, stating, "That particular
objection will be overruled," and allowed the witness to testify about the test and the results. The
Cauleys did not object again nor ask for a "running objection" to the witness' testimony regarding
the experiment. Thus, of the nine questions asked of this witness, the Cauleys objected to only
one.
      Additionally, when the defense asked a different witness about the experiment, Cauley did not
object at all. Thus, the evidence the Cauleys now complain about was placed before the jury
unobjected to by another witness. Generally, any error in admitting evidence is deemed harmless
when the opponent allows the same or similar evidence to be admitted later without objection. 
Richardson v. Green, 677 S.W.2d 497, 501 (Tex. 1984); Guerrero v. Smith, 864 S.W.2d 797,
800 (Tex. App.—Houston [14th Dist.] 1993, no writ); John Deere Co. v. May, 773 S.W.2d 369,
376 (Tex. App.—Waco 1989, writ denied). Therefore, even if the court erred by overruling the
Cauleys' objection, they cannot show that they were harmed by the error. See Tex. R. App. P.
81(b)(1). Point one is overruled.
      In point two, the Cauley's complain that the court improperly excluded from evidence two
photographs of leaning stacks of paper products taken in Grocer's Supply's warehouse. The
statement of facts reflects the following direct examination of Cauley by his attorney:
Q:I want you to look at what has been marked as Plaintiff's Exhibit No. 2. Is this
a fair and reasonable depiction of the way the stack looked, the stack that was leaning at the
time as it was on the mast?
A:No, it was worse than that at the top.
Q:Other than that, is this a fair and reasonable depiction of the way the stack was
leaning?
            A:        Yes, Sir.
[PLAINTIFF'S COUNSEL]:Your Honor, we would move to introduce into
evidence Plaintiff's Exhibit No. 2.
(Whereupon, an off-the-record discussion was had at the bench between Court and
Counsel, at the conclusion of which the following proceedings were had:)
THE COURT:I'm going to sustain the objection.
      [Cauley's attorney then had Cauley draw on a diagram, showing how the stacks were leaning
and the location of the forklift at the time of the accident. After several pages in the record, the
Cauleys' attorney sought to admit the second photograph into evidence:]
Q:Plaintiff's Exhibit No. 3, is this also as you saw that day? Does this photograph
also fairly and reasonably depict the leaning stack that you saw that day leaning against the
forklift?
A:By the time I saw it, it was leaning more.
Q:But other than the lean more, does it fairly and reasonably depict what you saw
of your personal knowledge that day?
A:Yes, Sir.
[PLAINTIFF'S COUNSEL]:Okay. We would move to introduce into
evidence Plaintiff's Exhibit No. 3.
[DEFENDANT'S COUNSEL]:It's the same thing.
THE COURT:Same objection. Same ruling. Sustain the
objection.
[PLAINTIFF'S COUNSEL]:Okay.
THE COURT:Guess for the record we probably ought to go
ahead -- for the record, what was the legal objection?
[DEFENDANT'S COUNSEL]:My legal objection is that it's irrelevant and
relates to matters which are excluded by the rules of evidence.
THE COURT:Okay.
[PLAINTIFF'S COUNSEL]:Which rule are you referring to?
THE COURT:He's made his objection.
[PLAINTIFF'S COUNSEL]:Okay. We'll do a bill later. Can I do that to
preserve it? 
THE COURT:I think it's preserved. I sustained the objection.
[PLAINTIFF'S COUNSEL]:All right. . . . 
      Admissibility of evidence is determined by the trial court. Tex. R. Civ. Evid. 104(a). The
court's ruling will not by disturbed absent an abuse of discretion. Reichhold Chemicals v.
Puremco Mfg., 854 S.W.2d 240, 247 (Tex. App.—Waco 1993, writ denied). To find an abuse
of discretion, we must conclude that the court's action was arbitrary or unreasonable. See id. We
may find an abuse of discretion "only if, after searching the record, it is clear that the trial court's
decision was arbitrary and unreasonable." See Simon v. York Crane & Rigging Co., Inc., 739
S.W.2d 793, 795 (Tex. 1987). Thus, the party claiming that the court abused its discretion has
the burden of providing us with a record showing abuse. See id. "Absent such a record, the
reviewing court must presume that the evidence before the trial judge was adequate to support the
decision." Id. 
      Although we recognize that the cases establishing this rule generally concern challenges to the
sufficiency of the evidence to support the court's decision, we believe that the same rule applies
to evidentiary rulings. Absent a record of the arguments and offers of proof made to the court
during its consideration of the unrecorded objection, we have no way of determining if the court
acted arbitrarily or unreasonably. Thus, because the court made its ruling during a conference
which the Cauleys failed to have reported, we overrule point two.
      Additionally, the Cauleys failed to perfect a bill of exception to the court's ruling excluding
the evidence. See Tex. R. App. P. 52(b). To complain about the exclusion of evidence, the
Cauleys are required to show, by a bill of exception, the content of the excluded evidence. See
id.; Hartford Ins. Co. v. Jiminez, 814 S.W.2d 551, 552-53 (Tex. App.—Houston [1st Dist.] 1991,
no writ). The Cauleys failed to offer the excluded photographs into evidence as an offer of proof
or on a bill of exception. Thus, although there are photocopies in the record before us which
purport to represent the excluded photographs, we do not know if these were the photographs the
court actually excluded. For this additional reason, point two is overruled. 
      The judgment is affirmed. 


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice James (Retired)
Affirmed
Opinion delivered and filed October 5, 1994
Do not publish