Fine Oil & Chem v. Fist Amer Bank 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-054-CV

     FINA OIL AND CHEMICAL COMPANY,
                                                                                              Appellant
     v.

     FIRST AMERICAN BANK, ET AL.,
                                                                                              Appellees
 

From the 361st District Court
Brazos County, Texas
Trial Court # 38,726-361
                                                                                                    

O P I N I O N
                                                                                                    

      Fina Oil and Chemical Company (Fina) appeals from a directed verdict in favor of First
American Bank (the Bank) in Fina's suit for breach of contract, conversion, negligence, and gross
negligence arising out of the Bank's failure to pay on a certificate of deposit issued by the Bank
when Fina presented it for redemption. Because we conclude that the court failed to properly
interpret and apply the parties' stipulations, we will reverse the judgment and remand this cause
for trial.
BACKGROUND
Facts
      Fina sold petroleum products to Brazos Oil Company d/b/a Brazos Fuel and Supply, a
wholesale company owned, at least in part, by F. Kyle Read. In November 1989, Read
guaranteed payment of Brazos' revolving account, and gave Fina a security interest in the principal
and interest of a $56,042.58 Certificate of Deposit issued by the Bank to secure his guaranty. Fina
perfected its security interest in the CD by obtaining possession of the instrument. 
      Read made two withdrawals from the CD without notice to Fina or its consent—$16,000 on
August 28, 1991, and $45,000 on November 20, 1991. Both of these withdrawals were made
without presenting the original CD to the Bank. When Brazos defaulted on its obligations to Fina
in early 1993, Fina asked Read to satisfy the debt under the terms of his guaranty. Read refused,
asserting that he had revoked the guaranty some two years earlier. Fina claimed that it had not
received the revocation letter and presented the CD and security agreement to the Bank for
payment on March 13, 1993. The Bank forwarded a check for $3,494.31, all that was left in the
account. 
Proceedings in the Trial Court
      Fina rejected this payment and sued the Bank on breach of contract, conversion, negligence,
and gross negligence theories. All of the claims were premised on Fina's claim that the Bank
breached its duty to Fina when it allowed Read to withdraw money from the CD without
presenting the instrument itself. The Bank answered with a general denial. Tex. R. Civ. P. 92. 
Although the Bank brought Read into the suit as a third-party defendant, Fina did not seek relief
from him. Prior to the beginning of the trial, Fina and the Bank filed stipulations pursuant to Rule
11 of the Rules of Civil Procedure. Id. 11. Among the seven stipulations, Fina and the Bank
agreed:
2.First American Bank ("FAB") stipulates that its actions in paying the proceeds of
Certificate of Deposit 707586 ("CD") to F. Kyle Read ("Read") in August and November
1991 and failing to pay Fina Oil and Chemical Company ("Fina") the proceeds after
timely demand violated contractual and tort obligations and duties to Fina.
3.FAB stipulates that it is liable to Fina for actual damages caused to Fina by the
wrongful payments to Read and its failure to pay Fina upon proper demand.
4.The parties stipulate that the amount of these damages is the lesser of (1) the value
the CD would have had if the withdrawals were not made; or (2) the amount that Read
owes Fina on his personal guarantee of the Brazos Oil Sales, Inc. account with Fina.
5.FAB stipulates that Fina is also entitled to recover interest on the CD at the
applicable CD rate up to the date this action was filed. Thereafter, Fina is entitled to
prejudgment interest at the highest rate allowed by law. 
      At trial, Fina called Walter Henson, Fina's credit manager responsible for Brazos' account. 
He testified generally to the dealings between Brazos and Fina. He also testified specifically that
Fina did not receive a written revocation of Read's guaranty until June 1993, and that the balance
owed on the Brazos account as of March 31, 1993, was $81,277.46. During Henson's testimony,
Fina introduced the end-of-month statement for the Brazos account for March 1993, a copy of the
security agreement, and a copy of the CD. Through Charlie Zikes, a Bank employee, Fina
produced evidence that the beginning balance of the CD was $56,042.58 and that the amount of
the interest on the principle through June 23, 1993, the date Fina filed its petition, would have
been $12,645.85, for a total CD value of $68,688.43 on that day. 
      After Fina rested its case in chief, both the Bank and Read presented motions for a directed
verdict against Fina. The Bank argued that it was entitled to a directed verdict on four theories: 
(1) Fina failed to comply with the requirements of section 17.001(a) of the Civil Practice and
Remedies Code because it had failed to obtain a judgment against Read or Brazos and had failed
to included a claim that Read or Brazos owed Fina money in its pleadings, Tex. Civ. Prac. &
Rem. Code Ann. § 17.001(a) (Vernon 1986); (2) Fina failed to present evidence of the amount
Read owed Fina on his personal guaranty as of the dates Fina pleaded for breach of the contract,
August 28, 1991, and November 20, 1991; (3) there was no evidence of an amount owed by Read
on his personal guaranty for any specific date tied to a "liability fact"; and (4) there was no
evidence of a declaration of default or foreclosure of the security agreement or notice to Read that
any kind of disposition of the collateral under the security agreement was going to be made. 
      Read's motion was also premised on four theories: (1) the evidence established that Read did
not owe any money to Fina on August 28, 1991, or on November 20, 1991; (2) "no evidence, no
credible evidence," that Brazos owed Fina a specific amount on a specific date; (3) "no evidence
and no credible evidence" as to a date upon which a breach occurred between Brazos and Fina;
and (4) "no evidence or no credible evidence" of a debt owed by Brazos to Fina for which Read
would be liable under his guaranty or under the security agreement secured by the certificate of
deposit. 
      Fina replied to both motions with the same arguments. First, Fina argued that the stipulations
covered liability; thus, any arguments which would defeat its claim that the bank was liable on the
CD were not valid. Secondly, Fina asserted that there was evidence of damages, as calculated
under the stipulations. Finally, Fina argued that section 17.001(a) was not applicable to the
lawsuit because the stipulations eliminated any issue of liability and because the Bank had failed
to plead it as an affirmative defense or a verified pleading of defect of parties. After extended
argument, the court ruled:
The Court having heard the arguments presented as well as heard the evidence
presented grants the directed verdict against Fina under 17.001(A) of the Civil Practice
and Remedies Code, there being no evidence of the debt owed -- or a judgment against
the primary debtor.
 
In addition, the Court grants the partial directed verdict against Fina by Third-Party
Defendant based upon there being no evidence of what amount was owed on March 10th
or April 5th of 1993 or September -- August '91, September 25th, '91, November 20th,
'91. 

Following this ruling, the Bank and Read "withdrew" their suit from the jury. The court
determined that Fina was not entitled to attorney's fees and discharged the jury.
Fina's Appeal
      Fina appeals on five points of error. In point one, it argues that the court erred by failing to
properly apply the stipulations. Fina then attacks the specific grounds the court announced as its
basis for the directed verdict in points two and three, arguing that section 17.001(a) of the Civil
Practice and Remedies Code does not apply to this suit and that there was evidence of a debt owed
to it by Brazos and Read, respectively. By point four, Fina raises a complaint aimed at several
evidentiary rulings that prevented the introduction of certain documentary evidence. Finally, Fina
generally argues in its fifth point that the court erred by granting a directed verdict.
THE EFFECT OF THE STIPULATIONS
      In point one, Fina argues that the stipulations effectively precluded the arguments advanced
by the Bank as grounds for a directed verdict. Thus, we must determine the effect of the Bank's
agreement that its payment to Read and failure to pay Fina "violated contractual and tort
obligations and duties to Fina" and that it was "liable to Fina for actual damages."
      Stipulations have the same "dignity" as judicial admissions and act to "establish the admitted
elements as a matter of law." Perry v. Brooks, 808 S.W.2d 227, 229 (Tex. App.—Houston [14th
Dist.] 1991, no writ) (emphasis omitted). If the stipulation is not set aside by the trial court, it is
conclusive as to the facts actually stipulated and as to all matters necessarily included within the
stipulation. Guerrero v. Smith, 864 S.W.2d 797, 801 (Tex. App.—Houston [14th Dist.] 1993,
no writ); Sadler v. Duvall, 815 S.W.2d 285, 289 (Tex. App.—Texarkana 1991, writ denied). The
parties and the courts are bound by the parties' stipulation. Id.; Geo-Western Petroleum
Development v. Mitchell, 717 S.W.2d 734, 736 (Tex. App.—Waco 1986, no writ). The
stipulations should be construed to effectuate the parties' intent. Peat, Marwick, Mitchell & Co.
v. Sharp, 585 S.W.2d 905, 909 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.). We
determine the parties' intent from the language used in light of the surrounding circumstances,
including the pleadings, the allegations involved, and the "attitude" of the parties with regard to
the issues. Herschbach v. City of Corpus Christi, 883 S.W.2d 720, 734 (Tex. App.—Corpus
Christi 1994, writ denied); Mann v. Fender, 587 S.W.2d 188, 202 (Tex. App.—Waco 1979, writ
ref'd n.r.e.).
      To prevail on a contract claim, a plaintiff must establish (1) an agreement between it and the
defendant, (2) a breach of the agreement by the defendant, and (3) damages that flowed from the
defendant's breach. Cadle Co. v. Castle, 913 S.W.2d 627, 631 (Tex. App.—Dallas 1995,
n.w.h.); Snyder v. Eanes Independent School Dist., 860 S.W.2d 692, 695 (Tex. App.—Austin
1993, writ denied). If the defendant's obligations under the contract are dependent upon any
conditions precedent, the plaintiff must plead and prove performance of those conditions as an
element of its case. Grimm v. Grimm, 864 S.W.2d 160, 161-62 (Tex. App.—Houston [14th Dist.]
1993, no writ). However, if the plaintiff fails to plead the performance, it may still prevail by
proving compliance during the trial. Id. at 162.
      Comparing the elements of Fina's contract claim against the stipulations, we conclude that the
Bank relieved Fina of the burden of proving the first two elements, i.e., of showing that there was
an agreement between Fina and the Bank, and that the Bank failed to preform its obligations under
that agreement, and showing Fina's fulfillment of the conditions precedent to the Bank's
obligations under the agreement. Cadle Co., 913 S.W.2d at 631; Guerrero, 864 S.W.2d at 801;
Grimm, 864 S.W.2d at 161-62. Thus, at trial Fina was only required to produce evidence which
established the damages that it sustained as a result of the Bank's violation of its obligations to
Fina.


 To the extent that the court failed to recognize and give effect to the parties' stipulations,
the court erred.
HARM
      Having found error in the proceedings below, we must determine if Fina was harmed by that
error. Tex. R. App. P. 81(b)(1). Fina can demonstrate harm if it shows that the court's error
"amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and
probably did cause rendition of an improper judgment." Id. Thus, we will examine the court's
stated reasons for its ruling, as well as the other grounds advanced by the Bank and Read as a
basis for a directed verdict, to determine if the court's error harmed Fina.
Section 17.001(a)
      The Bank claimed that it was entitled to a directed verdict on the basis of section 17.001(a)
of the Civil Practice and Remedies Code, which provides:
Except as provided by this section, the acceptor of a bill of exchange or a principal
obligor on a contract may be sued alone or jointly with another liable party, but a
judgment may not be rendered against a party not primarily liable unless judgment is also
rendered against the principal obligor.
Tex. Civ. Prac. & Rem. Code Ann. § 17.001(a). The court expressly agreed with this theory
when it granted the motion for a directed verdict.
      Assuming, without deciding, that section 17.001(a) applied to this proceeding, the court could
not properly rely on it in the face of the stipulations. The requirements of this section are
conditions precedent to an action against a party not primarily liable. Zimmerman v. Bond, 392
S.W.2d 149, 151 (Tex. Civ. App.—Dallas 1965, no writ). Fina had the burden of pleading and
proving compliance with this section as part of its case in chief. Id. Thus, because the
requirements are part of Fina's proof for establishing liability, they were waived by the Bank when
it stipulated to liability. Guerrero, 864 S.W.2d at 801; Grimm, 864 S.W.2d at 161.
      Because the stipulations subsumed the requirements of section 17.001(a), we conclude that
the court's failure to properly interpret and apply the stipulations was reasonably calculated to
cause and probably did cause an improper judgment, as demonstrated by the court's express
reliance on section 17.001(a) when it granted the directed verdict. Tex. R. App. P. 81(b)(1). 
Evidence of Damages
      The court also expressly relied on the theory that there was no evidence of the amount owed
to Fina on any of four dates (those dates being the days Read withdrew the money from the CD,
the specific day that Fina presented the CD to the Bank for payment, and the day that Fina
demanded full payment from the Bank). Under the stipulations, the Bank agreed that it was liable
for the actual damages caused by its "failure to pay Fina" in the amount of "the lesser of (1) the
value the CD would have had if the withdrawals were not made; or (2) the amount that Read owes
Fina on his personal guarantee of the Brazos Oil Sales, Inc. account with Fina." The Bank also
agreed that Fina was entitled to the interest on the CD until the lawsuit was filed.
      According to the plain language of the stipulation, the Bank agreed that it was liable for the
amount "Read owes Fina." (Emphasis added). Thus, the Bank relieved Fina of any obligation to
specifically show that the amount owed was calculated based on a certain date. Rather, the
stipulation plainly provides a present tense debt, i.e., any amount which Fina could show was left
unpaid by Brazos for which Read was responsible under his guaranty of Brazos' business debt. 
See Reuters America, Inc. v. Sharp, 889 S.W.2d 646, 655 n.9 (Tex. App.—Austin 1994, writ
denied) ("Words [in stipulations] shall be read in context and construed according to the rules of
grammar and common usage."). Again, the stipulations governed the nature of the proof that Fina
was required to present and the court's failure to properly interpret and apply those stipulations
was reasonably calculated to cause and probably did cause an improper judgment, as demonstrated
by the court's express reliance on a lack of evidence to tie the damages to certain dates when it
granted the directed verdict. Tex. R. App. P. 81(b)(1). 
Other Grounds
      Generally, when the court grants a motion for a directed verdict, we will uphold the verdict
if any of the grounds stated in the motion are valid. Metzger v. Sebek, 892 S.W.2d 20, 40 (Tex.
App.—Houston [1st Dist.] 1994, writ denied); Joseph Thomas, Inc. v. Graham, 842 S.W.2d 343,
345 (Tex. App.—Tyler 1992, no writ). Even if the court expressly relies on an erroneous reason
for its ruling, we will affirm the judgment if it is supported by any of the grounds asserted in the
motion. Prather v. McNally, 757 S.W.2d 124, 126 (Tex. App.—Dallas 1988, no writ); C.S.R.,
Inc. v. Industrial Mechanical, Inc., 698 S.W.2d 213, 217 (Tex. App.—Corpus Christi 1985, writ
ref'd n.r.e.); see also Kelly v. Diocese of Corpus Christi, 832 S.W.2d 88, 90 (Tex. App.—Corpus
Christi 1992, writ dism'd w.o.j.).


 However, we will not go outside of the grounds in the motion
for a reason to sustain the judgment. See id.; Tex. R. Civ. P. 268. Thus, if the court's ruling is
correct on any of the grounds articulated by the Bank or Read and that reason is not tainted by a
misapplication of the stipulations, its failure to properly interpret and apply the stipulations, as
shown in its expressed reasoning in granting the motion, is harmless. See Guar. County Mut. Ins.
Co. v. Reyna, 709 S.W.2d 647, 648 (Tex. 1986).
      The Bank argued four theories in support of its motion for a directed verdict—(1) section
17.001(a); (2) no evidence of a guaranteed debt as of the dates Fina pleaded; (3) no evidence of
a guaranteed debt for any specific date tied to a "liability fact"; (4) no evidence of a declaration
of default, foreclosure, or notice to Read of a disposition of the collateral. The first and third
grounds are not valid because they each rely on an alleged failure to prove conditions to the Bank's
liability, a burden Fina was not required to carry due to the stipulations. The second and third
reasons are not valid either because they each rely on an alleged failure to properly tie the damages
Fina suffered to a specific date, again a burden Fina was relieved of by the stipulations. 
      Read also relied on four theories: (1) no evidence of a debt as of August 28, 1991, and
November 20, 1991; (2) no evidence of a specific amount owed on a specific date; (3) no evidence
as to a date upon which a breach occurred between Brazos and Fina; (4) no evidence of a debt
owed by Brazos to Fina for which Read would be liable under his guaranty or under the security
agreement secured by the certificate of deposit. 
      The first and second grounds are not valid for the same reasons that the court could not rely
on the Bank's second and third reasons: the stipulations relieved Fina of the burden of tying its
damages to a specific date. As to the third reason, Fina produced evidence through Walter Henson
that indicated that Brazos failed to pay its account in and after March 1993. Through this same
witness, Fina established that Brazos owed it $81,277.46 at the end of March 1993. It also
introduced a copy of the contract between Brazos and Fina, the security agreement with Read, the
CD, other correspondence between Fina and Read, and presented testimony which indicated that
the guaranty was not revoked until after Brazos stopped paying on its account. Thus, there is
some evidence in the record to support a finding that Brazos breached its agreement with Fina and
that a certain amount was owed by Brazos to Fina for which Read could be liable. Therefore, the
court could not have properly granted a directed verdict based on Read's third or fourth grounds. 
Szczepanik v. First Southern Trust Co., 883 S.W.2d 648, 649 (Tex. 1994).
Conclusion
      The court's express reliance on reasons that were precluded by a proper interpretation of the
stipulations when it granted a directed verdict against Fina clearly demonstrate that its failure to
properly interpret and apply those stipulations harmed Fina. Tex. R. App. P. 81(b)(1). Because
the court could not have properly granted the directed verdict based on any of the other grounds
advanced by the Bank or Read, the court's error was not otherwise harmless. Therefore, we
sustain point one.
DISPOSITION
      Having sustained point one, we will not reach Fina's other points.


 The take nothing
judgment is reversed and this cause is remanded to the trial court for a new trial.
                                                                                 PER CURIAM

Before Justice Cummings, and
          Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed May 29, 1996
Do not publish