In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00329-CV
_____


IN RE COMMITMENT OF PETE AGAPITO HERNANDEZ

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-11-12012 CV


MEMORANDUM OPINION

The State of Texas filed a petition seeking the involuntary civil commitment of Pete Agapito Hernandez as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (SVP statute). After a jury found Hernandez to be a sexually violent predator, the trial court rendered a final judgment and an order of civil commitment. Subsequently, Hernandez appealed, challenging four of the rulings the trial court made during the course of his trial. In his first issue, Hernandez contends the trial court abused its discretion by allowing the State to summarize the evidence that it intended to present during

1

the trial during its opening statement. In issue two, Hernandez contends the trial court abused its discretion by allowing the State to introduce Hernandez's responses to the State's requests for admission into evidence. In issue three, Hernandez argues the trial court abused its discretion by allowing the State to introduce evidence of underlying facts or data supporting the opinions of its experts when they testified during the trial. In issue four, Hernandez argues the trial court abused its discretion by sustaining the State's objection to one of the questions his attorney posed to the State's forensic psychologist, Dr. Jason Dunham.

We conclude that Hernandez has not shown that any of his issues require that we reverse the trial court's judgment. With respect to issue one, Hernandez has not shown that the matters discussed by the State's attorney caused the jury to render an improper verdict. With respect to the remaining issues, Hernandez has failed to demonstrate that the trial court abused its discretion with respect to the rulings at issue. We affirm the trial court's judgment.

The Statute

Under the SVP statute, the State bears the burden of proving beyond a reasonable doubt that the person it seeks to commit for treatment is a sexually violent predator. *Id.* § 841.062 (West 2010). As defined by the Legislature, a

sexually violent predator is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West 2010). Under the statute, a "'[b]ehavioral abnormality'" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012). In another case arising under the SVP statue, we stated that "[a] condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

Opening Statement

In issue one, Hernandez contends the trial court abused its discretion by permitting the State's attorney to summarize the evidence during her opening statement. With respect to opening statement, Rule 265(a) of the Texas Rules of Civil Procedure provides that the party with the burden of proof on the whole case "shall state to the jury briefly the nature of his claim or defense and what said party

3

expects to prove and the relief sought." Tex. R. Civ. P. 265(a). During opening statement, the State's attorney generally described the testimony she expected to present during the case. In part of her opening statement, the State's attorney mentioned various specific facts about two of Hernandez's prior sexually violent offenses, a rape that occurred in 1993 and an aggravated kidnapping with intent to violate and sexually abuse the victim that occurred in 1994. The record shows that Hernandez's attorney did not object when the State's attorney first began to mention specific facts about the 1993 incident; instead, the objection occurred after the State's attorney had already discussed many of the facts about the 1993 rape. The trial court overruled Hernandez's objection. With respect to Hernandez's 1994 aggravated kidnapping conviction, the record shows that Hernandez failed to object when the State's attorney described that crime.

Generally, by detailing evidence during opening statement, counsel places matters in front of the jury before the trial court has an opportunity to determine whether it is admissible. As a result, an opening statement that discusses evidence that might not later be admitted carries the potential of confusing the jury if the evidence the trial court admits differs from the evidence counsel mentioned in opening statement. *See Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 170 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.).

4

Hernandez argues that he was harmed because introducing graphic details concerning his prior sexual offenses during opening statement prejudiced the jury. In response, the State contends that by failing to timely object, Hernandez waived his objections with respect to the 1994 aggravated kidnapping. With respect to the 1993 rape, the State does not defend the degree of detail contained in its opening statement; instead, the State argues that any error created by the trial court's ruling was harmless. *See* Tex. R. App. P. 44.1(a)(1).

After comparing the statements made in opening statement with the evidence admitted during the trial, we conclude that the statements made by the State's attorney in opening about the 1993 rape do not vary in any significant manner from the evidence that the trial court subsequently admitted. Generally, when evidence consistent with the details described in the opening statement is developed during trial, the trial court's error in overruling an objection complaining about counsel's mention of the evidence in opening statement is harmless. *See Guerrero v. Smith*, 864 S.W.2d 797, 800 (Tex. App.—Houston [14th Dist.] 1993, no pet.). We conclude that the matters the State mentioned during opening statement about the 1993 rape did not cause the jury to reach an improper verdict. *See* Tex. R. App. P. 44.1.

With respect to the matters discussed in opening statement about the 1994 aggravated kidnapping, Hernandez failed to preserve error because he failed to object. *See* Tex. R. App. P. 33.1(a) (requiring a party to make a timely request, objection, or motion and obtain a ruling from the trial court to preserve error for appeal). Even had Hernandez lodged an objection, the matters mentioned during opening statement about the 1994 kidnapping do not vary materially from the evidence admitted during trial. We overrule issue one.

Requests for Admission

In issue two, Hernandez complains the trial court abused its discretion by allowing the State to read his responses to the State's requests for admission into evidence. *See generally* Tex. R. Civ. P. 192.1(e) (listing permissible forms of discovery, which include requests for admission). According to Hernandez, the State used his responses to diminish the State's burden of proving that he is a sexually violent predator.

Unless otherwise provided by the SVP statute, an SVP commitment proceeding is subject to the Texas Rules of Civil Procedure. *See* Tex. Health & Safety Code Ann. § 841.146(b) (West 2010). Rule 198.3, which governs the effect of admissions, states that "[a] matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party

6

to withdraw or amend the admission." Tex. R. Civ. P. 198.3 (Effect of Admissions; Withdrawal or Amendment). We have previously held that there is no conflict between the SVP statute and Rule 198, and that admissions may be used appropriately in SVP cases. *See In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). In other words, if relevant to the disputed issues, a trial court may allow a party's responses to the opposing party's requests for admission to be used as evidence in SVP cases.

Hernandez argues that by using his responses to the admissions, the State lowered its burden of proof. We disagree that by reading Hernandez's responses into evidence, the State lowered its burden of proof. During voir dire, the State explained that it bore the burden of proof on its claims. In closing argument, the State reminded the jury that it had to prove that Hernandez is a sexually violent predator beyond reasonable doubt. The trial court instructed the jury in the charge that a "'yes'" answer was to "be based on a belief beyond a reasonable doubt." The charge required the jury to find that Hernandez is a sexually violent predator "beyond a reasonable doubt."

While the State used Hernandez's responses as evidence, his responses did not lower the State's burden of proving its case to a lower standard than the one required, beyond reasonable doubt. *See In re Commitment of Delacruz*, No. 09-11-

7

00554-CV, 2012 Tex. App. LEXIS 649, at **6-7 (Tex. App.—Beaumont Jan. 26, 2012, pet. denied) (mem. op.). We conclude that the State's use of Hernandez's responses was not improper. We overrule issue two.

Disclosure of Underlying Facts and Data

In issue three, Hernandez contends the trial court abused its discretion in allowing the State's experts, Dr. Michael Arambula and Dr. Jason Dunham, to describe the details of Hernandez's prior sexual offenses when they testified. During trial, Hernandez objected to the experts disclosing the details of his prior sexual offenses to the jury. At trial, Hernandez argued that the details of his prior offenses were inadmissible as hearsay, and that admitting the testimony detailing the facts of how he committed his prior offenses would unfairly prejudice the jury. The trial court overruled his objections.

Before admitting the testimony at issue, the record shows the trial court instructed the jury about using information that experts rely on in forming opinions, stating:

> Hearsay is not admissible as evidence in trial except as provided by narrow and specific hearsay exceptions. The hearsay evidence contained in the records about the Respondent's underlying sex offenses, arrests, conduct while on probation or parole, prison disciplinary actions and other such hearsay would ordinarily not be admissible in the trial; however, because the State's expert witnesses and this witness specifically, relied upon those records in forming his

8

opinion, you can hear about these records for the narrow purpose of explanation or support of that expert's opinion.

In the jury charge, the trial court gave the jury a similar limiting instruction, informing the jury that such information "was admitted only for the purpose of showing the basis of the experts' opinion[s] and cannot be considered as evidence to prove the truth of the matter[s] asserted."

Rule 705(a) of the Texas Rules of Evidence allows an expert to disclose the facts or data on which the expert has based an opinion. *See* Tex. R. Evid. 705(a). If the trial court admits underlying facts that are otherwise inadmissible, the court, on request, is required to give the jury a limiting instruction. *See* Tex. R. Evid. 705(d). When the trial court has given the jury a limiting instruction, we presume that it was followed. *See In re Commitment of Day*, 342 S.W.3d 193, 198-99 (Tex. App.—Beaumont 2011, pet. denied).

We conclude the trial court had the discretion to admit the testimony at issue. In light of the jury instructions regarding using hearsay in records that are relied upon by the experts, the evidence the trial court admitted to explain the bases of the expert testimony was not unfairly prejudicial. We overrule issue three.

Cross-Examination

While Dr. Dunham was testifying, Hernandez's counsel asked: "Does it matter in your opinion where Mr. Hernandez gets this sex offender treatment in the

9

future that you think he needs?" The trial court sustained the State's objection that the question was not relevant. In issue four, Hernandez argues the trial court should have allowed him to ask this question. According to Hernandez, his question is relevant to the jury's determining if he is likely to commit a future sexually violent offense. According to the State, the possibility that Hernandez could receive future treatment "is not relevant to the question of whether he is currently a sexually violent predator."

The testimony from the trial does not show that Hernandez had any concrete plans to be treated by healthcare professionals in programs designed to reduce the risk that he would future commit sexually violent offenses. The record reflects that while in prison, Hernandez failed to complete a program designed to reduce his risk of recidivism. Additionally, the record reflects that during the trial, Hernandez testified he did not feel he needed any treatment.

On the record before us, the trial court properly exercised its discretion by treating the relevance of the question as a question of relevancy conditioned on whether Hernandez had shown he would obtain treatment in a program that would lower his risk of committing another sexually violent offense. *See* Tex. R. Evid. 104(b) (Relevancy Conditioned on Fact). The question Hernandez sought to ask is premised on the assumption that he intended to obtain treatment, a conditional fact

that was never proven. We conclude that the question at issue, on the record before us, was not a fact of consequence. *See generally* Tex. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence."); Tex. R. Evid. 402 ("Evidence which is not relevant is inadmissible."). We hold the trial court did not abuse its discretion by disallowing the question at issue. *See* Tex. R. Evid. 104(b).

Having overruled all of Hernandez's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 7, 2013
Opinion Delivered September 19, 2013
Before Gaultney, Kreger, and Horton, JJ.

11