**Orville BERG and Ruth Berg, Appellants,**

**v.**

**AMF INC., Ministar, Inc., Tuboscope Vetco International, Inc., f/k/a/ AMF Tuboscope, Inc., HNA Holdings, Inc., f/k/a/ Celanese Plastics Co., Mine Safety Appliances Co., Bayer Corp., Oxychem Corp., Pangborn a/k/a/ Kennecott Corp., Minnesota Mining And Manufacturing Co., Plasite Protective Coatings., f/k/a Wisconsin Protective Coatings, Inc., Courtaulds Coatings, Inc., and Shell Chemical Corp., Appellees.**

No. 14–99–00504–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 24, 2000.

Scott A. Hooper, Jason A. Gibson, Houston, for appellants.

Thomas R. Fox, JoAnn Storey, Daniel F. Shank, Houston, for appellees.

Panel consists of Justices ANDERSON, FROST and DUNN.*

# OPINION

JOHN S. ANDERSON, Justice.

Appellants, Orville and Ruth Berg, appeal the trial court's dismissal of their case pursuant to the doctrine of *forum non conveniens*. In two points of error, the Bergs challenge the trial court's action, alleging the trial court erred by dismissing the case because (1) Mr. Berg's injury was caused by the appellees', AMF Inc., et al., act or omission in Houston, Texas, and (2) appellees failed to satisfy the statutory factors of Texas Civil Practice and Remedies Code, section 71.051. We affirm.

## I.

## Relevant Facts and Procedural History

This is an occupational injury case. Orville Berg worked for AMF Tuboscope, Canada, located in Alberta, Canada, a subsidary of AMF Tuboscope, Inc. in Houston, Texas. During his employment, Berg cleaned and coated pipes by sandblasting and spraying a coating mixture that was manufactured by Tuboscope in Houston and shipped to Canada. As a result of his eleven year exposure to chemicals and dust at his place of employment, Berg developed numerous medical conditions, including occupational lung asthma, pneumoconiosis, chronic obstructive lung disease, and chemical sensitization.

Berg began receiving benefits from the Canadian Workers' Compensation Board (WCB) in 1974, and continued to receive benefits, at least until October 14, 1998, when he filed suit against the appellees in Harris county. Approximately one month later, Tuboscope filed a motion to dismiss based on *forum non conveniens*. Subsequently, the trial court dismissed the cause without prejudice to its refiling in a Canadian court.

## II.

## Standard of Review

In their second point of error, the Bergs challenge the trial court's dismissal by arguing the trial court failed to properly apply the analysis required by the Texas *forum non conveniens* statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b) (Vernon Supp.2000). We review a trial court's dismissal pursuant to the Texas *forum non conveniens* statute under an abuse of discretion standard. *See Direct Color Services, Inc. v. Eastman Kodak Co.,* 929 S.W.2d 558, 563 (Tex. App.—Tyler 1996, writ denied). The test for abuse of discretion is not whether in the opinion of this Court the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the trial court acted without reference to any guiding rules and principals. *See id.* Another way of stating the test is whether the act was arbitrary or unreasonable. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985).

The rule of *forum non conveniens,* properly used, does not prohibit a court from entertaining a case it ought to hear. Rather, it protects courts from being compelled to hear cases when doing so would be fundamentally unfair to the defendants or the public or both. The rule recognizes that there are unusual cases which a court has power to hear but which it should nevertheless decline. The rule thus provides some play in the otherwise relatively rigid jurisdictional and venue joints of the judicial system. *See Dow Chemical Co. v. Alfaro,* 786 S.W.2d 674, 707 (Tex.1990) (Hecht, J., dissenting) (cited with approval

* Senior Justice Camille Hutson–Dunn sitting by assignment.

in *In re Smith Barney*, Inc., 975 S.W.2d 593, 598 (Tex.1998)).

### III.

### Dismissal Pursuant to *Forum Non Conveniens*

The Texas *forum non conveniens* statute states:

> With respect to a claimant who is a legal resident of the United States, on written motion of a party, a claim or action to which this section applies may be stayed or dismissed in whole or in part under the doctrine of forum non conveniens if the party seeking to stay or dismiss the claim or action proves by a preponderance of the evidence that:
>
> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b) (Vernon Supp.2000).

According to section 71.051, the appellees bear the burden of proving the elements of *forum non conveniens* by a preponderance of the evidence. Here, the Bergs challenge the appellees' proof of three elements. Specifically, the Bergs allege that: (1) they do not have an adequate remedy under Canadian law; (2) maintaining the suit in Texas would not work a substantial injustice on appellees, and (3) both private and public interests weigh heavily in favor of a Texas forum. The Bergs do not challenge the appellees' proof of the other elements; therefore, we will limit our inquiry to the issue of whether the appellees proved the contested elements by a preponderance of the evidence.[1]

#### A. Adequate Remedy under Canadian Law

First, appellees allege the Bergs have an adequate remedy under Canadian law. The Bergs challenge the implied finding of fact supporting this assertion by arguing Canada does not recognize strict liability causes of action, has monetary limits on non-economic damages, and only allows for recovery of punitive damages upon a showing of intentional conduct. Appellees counter by insisting that under *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the possibility of a change in law unfavorable to plaintiffs should not be given substantial weight. We agree.

*Piper* is analogous in that there, the plaintiffs were foreign nationals, who were attempting to sue, in Pennsylvania, the manufacturer of an airplane that crashed in Scotland. *See id.* The trial court dismissed the case, holding that although the plane was manufactured in Pennsylvania

---

**1.** Here, the Bergs did not request findings of fact or conclusions of law. If no findings of fact or conclusions of law are filed, the reviewing court must imply all necessary fact findings in support of the trial court's judgment. *See Black v. Dallas County Child Welfare Unit*, 835 S.W.2d 626, 635 n. 10 (Tex. 1992). The general rule is that a finding of fact not challenged in a point of error is binding on the appellate court. *See Thomas v. Casale*, 924 S.W.2d 433, 437 (Tex.App.— Fort Worth 1996, writ denied). Thus, because the Bergs do not challenge the implied findings of three statutory elements of section 71.051(b), we are bound by the trial court's implied findings of fact to support those elements. *See id.*

and the documents and evidence relating to the manufacture of the plane were in the United States, Scotland was the more appropriate forum for the trial because the accident and its witnesses were in Great Britain. The plaintiffs in *Piper* argued the case should not have been dismissed to Scotland because Scottish law did not recognize strict liability causes of action. The United States Supreme Court disagreed, holding, "[t]he possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *See* 454 U.S. at 247, 102 S.Ct. at 261.

The Bergs are legal residents of Arizona. By filing suit against the appellees, the Bergs are attempting to sue, in Texas, the "manufacturers" of the chemicals Berg was exposed to at his place of employment in Canada. Although the documents and evidence relating to the manufacture of the chemicals are, for the most part, in Texas, the place of exposure and the witnesses relating to the exposure are in Canada. The Bergs argue, as did the plaintiffs in *Piper*, that the case should not have been dismissed because Canada does not recognize one of their asserted causes of action and limits their recovery on other causes. However, the Supreme Court held this argument should not be given substantial weight. *See id.* Therefore, because Canadian law would allow the Bergs some recovery for injuries they may have sustained, we hold the appellees have demonstrated by a preponderance of the evidence that the Bergs have an adequate remedy under Canadian law.

**B. Substantial Injustice**

The Bergs next challenge the trial court's implied finding of fact supporting its conclusion that the maintenance of the action in Texas would work a substantial injustice on the appellees. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b)(3) (Vernon Supp.2000). Although the Bergs attempt to brief this element, they fail to cite to any authority or to the record to support their position. Because the Bergs do

not adequately brief this issue, it is waived on appeal. *See* TEX.R.APP. P. 38.1(h) (The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.); *see also Rauscher Pierce Refsnes, Inc., v. Great Southwest Sav., F.A.* 923 S.W.2d 112 (Tex.App.—Houston [14th Dist.] 1996, no writ) (holding that argument without citation to authority was not in even minimal compliance with briefing rules; therefore, the point could be considered waived). Although we will not specifically address this element because it is waived, our next inquiry, the balance of private and public interests, entails a similar analysis.

**C. Balance of Interests**

The third contested element, whether the balance of private and public interests predominate in favor of Texas or Canada, requires this Court to consider the factors announced in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) the possibility of a view of the premises, if viewing the premises would be an appropriate action, and (4) all the other practical problems that make the trial of a case easy, expeditious, and inexpensive. *See id.* The public factors this Court must consider are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law, and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See id.*

*1. Private Interest Factors*

■ We begin with our analysis of the private interests of the litigants enunciated in *Gilbert*. First, the sources of proof are divided, in this case, between Texas and Canada. The documents relating to the manufacture of the chemical compounds shipped to Canada by the appellees are in Texas, but the plant where Mr. Berg worked, as well as the records relating to his treatment are in Canada.

The second factor, however, pertaining to the location of witnesses, weighs heavily in favor of trial in Canada. Appellees presented evidence that Mr. Berg's fellow employees at the plant in Canada, the supervisors who could testify concerning safety procedures at the plant, the doctors who treated Mr. Berg, and the WCB officials who reviewed Mr. Berg's workers' compensation file are all in Canada. By contrast, the only witnesses in Texas are those involved in the manufacturing of the chemicals. Because the majority of witnesses in this case are located in Canada, neither side would be able to obtain compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses could be prohibitive. Thus, the appellees have met their burden by demonstrating this private interest favors a Canadian forum.

Third, a view of the plant where Berg was employed would be imperative for this cause of action. Viewing the location of the exposure and the nature of the working conditions that allegedly caused Mr. Berg's lung injury would be necessary not only for the Bergs' claim, but also for defenses asserted by the appellees. The appellees have met their burden here by pointing to the causes of action and defenses asserted that relate to the necessity of viewing the plant and its safety procedures.

Finally, the appellees demonstrated that because evidence of the nature of the injuries, the treating physicians, the site of the injury, and witnesses to the use of the chemicals are all located in Canada, the practical problems involved in trying this case militate in favor of a Canadian forum. *See Stewart v. Dow Chemical Co.*, 865 F.2d 103, 104 (6th Cir.1988) (reaching similar conclusion when analyzing private interest factors). Therefore, the appellees have met their burden, demonstrating by a preponderance of the evidence, that the balance of private factors weighs heavily in favor of trying this case in a Canadian forum. Next, we turn to the balance of public interests to see if they also support the trial court's dismissal.

*2. Public Interest Factors*

Briefly summarized, the public interest factors are the interests of the forum state, the burden on the courts, and notions of judicial comity. The public interests here relating to court congestion, administrative difficulties, local interest, and jury duty do not resolve the issue because both Texas and Canada have some relationship to this case. Although the injury occurred in Canada, the chemicals were mixed in and shipped from Houston. Thus, both forums have an interest in and a relationship to the litigation. However, one factor, that of choice of law, militates strongly in favor of a Canadian forum.

In *Piper*, the Supreme Court held that the need to apply foreign law points toward dismissal. *See* 454 U.S. 235, 260, 102 S.Ct. 252, 268. The appellees argue that Canadian law is applicable because Canada has the most significant relationship with the substantive legal issues in the case. Based on the "significant relationship" factors set out in choice of law cases, we agree with the appellees. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984) (citing *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979) for factors of "substantial relationship" test which include: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relation-

ship, if any, between the parties is centered).[2]

■ Therefore, the appellees have established by a preponderance of the evidence that: Canada provides an adequate forum; the balance of private interests predominate in favor of a Canadian forum, and the balance of public interests predominate in favor of a Canadian forum— primarily because Canadian law applies to the Berg's claims. Because appellees met their burden of proof in the trial court, the trial judge did not abuse his discretion by dismissing the case based on the requirements set out in Texas Civil Practice and Remedies Code, section 71.051(b). Accordingly, we overrule the Bergs' second point of error.

## IV.

### The Statutory Exception

■ In their first point of error, the Bergs challenge the trial court's actions by arguing the trial court dismissed the case in violation of section 71.051(f). *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.051(f) (Vernon Supp.2000). Although section 71.051(b) permits a trial judge to dismiss the case based on *forum non conveniens*, section 71.051(f) prohibits a judge from dismissing the case if the party opposing dismissal can make a prima facie showing that an act or omission that was a proximate or producing cause of the injury or death occurred in this state. The prima facie showing need not be made by a preponderance of the evidence and shall be deemed to be satisfied if the party produces credible evidence in support of the pleading, which evidence need not be in admissible form and may include affidavits, deposition testimony, discovery responses, or other *verified* evidence. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.051(f) (Vernon Supp.2000) (emphasis added). A prima facie case represents the minimum

quantum of evidence necessary to support a rational inference that the allegation of fact is true. *See Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex. App.—San Antonio 1995, writ denied). Whether this burden has been met is a question of law for the court. *See Lambert v. Coachmen Industries of Texas, Inc.*, 761 S.W.2d 82, 86 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

■ Negligence requires a showing of proximate cause, while producing cause is the test in strict liability. *See General Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex.1993). Proximate and producing cause differ in that foreseeability is an element of proximate cause, but not of producing cause. *See id.* Proximate cause consists of both cause in fact and foreseeability. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred. *See Prudential Ins. Co. v. Jefferson Assocs.*, 896 S.W.2d 156 (Tex.1995). A producing cause is "an efficient, exciting, or contributing cause, which in a natural sequence, produced injuries or damages complained of, if any." *See Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179 (Tex.1995). Common to both proximate and producing cause is causation in fact, including the requirement that the defendant's conduct or product be a substantial factor in bringing about the plaintiff's injuries. *See Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex.1995).

■ Here, in order to make a prima facie showing that the appellees' actions were the proximate or producing cause of his injuries, the Bergs must demonstrate that appellees' acts of manufacturing and shipping the chemicals for use in Canada was a substantial factor in bringing about his injury which would not otherwise have

---

**2.** Without repeating the facts of the case, it appears, based on the above mentioned factors, that Canada has the most significant relationship to a majority of the substantive legal issues. Thus, Canadian law would apply to the Bergs' causes of action.

occurred. As proof of this substantial factor, the Bergs direct this Court to two pieces of evidence: (1) a stipulation by three of the appellees, that the chemicals were mixed in and shipped from Houston for use in Canada, and (2) a Canadian doctor's report noting that "[Mr. Berg] has severe chronic obstructive pulmonary disease [which] had its onset while [he was] exposed to chemical exposures in 1970."

■ This evidence is insufficient to meet the Bergs' prima facie burden. Although the Bergs have put forth some evidence of the appellees' conduct which may have caused Mr. Berg his injuries, they fail to link any appellee's acts of manufacturing and shipping the chemicals with the resulting lung damage. In other words, the Bergs lack proof that the chemicals that were mixed in Houston and shipped to Canada cause the kind of lung damage Mr. Berg sustained, and that his injuries were caused by exposure to those particular chemicals. Proof of a causal nexus between a plaintiff's injury and a defendant's act or omission is met when the plaintiff produces expert testimony describing the nature of the injury and the substance manufactured by the defendant which causes that injury. *See Burroughs*

*Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995) (holding evidence legally insufficient to establish causal nexus when expert testimony was based on assumed facts that varied materially from the actual, undisputed facts); *see also Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759 (Tex.App.—Corpus Christi 1999, pet. filed) (noting no causation issues exist because there was no dispute that the plaintiff's condition was caused by his exposure to asbestos fibers).[3]

■ Moreover, the evidence submitted by the Bergs is not verified as required by section 71.051(f). We do not hold that stipulations are required to be verified[4] to be binding on the reviewing court, but note that the stipulation here is verified. The exception in subsection (f) requires a prima facie showing based on *verified* evidence. Where the non-stipulated evidence submitted, as here, is not verified, we hold the Bergs cannot invoke the benefits of this exception to subsection (b). Thus, the record before the Court contains no expert testimony demonstrating the causal nexus between appellees' actions and Mr. Berg's injuries. Although counsel for the Bergs requested at oral argument that the Court take judicial no-

---

**3.** In *Walters*, the plaintiff's two expert witnesses described a long history of researching asbestos-related lung diseases, including mesothelioma. Each stated that this extensive research, coupled with the research of others, had led to the universal conclusion that amosite asbestos causes mesothelioma in exposed persons. They agreed that exposures for as little as one day and for as long as several months or years have been reported to cause mesothelioma. One expert explained the process by which asbestos fibers attack the cilia within the respiratory system and eventually find their way to the pleural lining outside of the lung. He detailed the manner in which the fibers attack the cells of the pleural lining, hardening them and constricting lung expansion. Further, both experts testified that asbestos exposure is the only known cause of mesothelioma. The doctors were in accord in their assessment that asbestos is a leading known cause for several other pulmonary infirmities. They concluded that mesothelioma is irreversibly fatal. Based on this research and knowledge, each opined

that amosite asbestos is unreasonably dangerous. *See id.* There is no such expert evidence in this case establishing a causal nexus between appellees' acts and Mr. Berg's injury.

**4.** A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto. *See Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex.1998). Here, the stipulation is contained in a motion by three defendants to quash an oral deposition, and the motion is signed by their counsel who stated under oath that the matters set out therein are true and correct. Although the trial court has the power to modify or set aside a stipulation, if it is not set aside it is conclusive as to the facts stipulated and all matters necessarily included therein. *See Guerrero v. Smith*, 864 S.W.2d 797, 801 (Tex. App.—Houston [14th Dist.] 1993, no writ). Where, as here, the stipulation is not set aside by the trial court, a reviewing court is bound by the stipulation. *Id.*

tice of the injurious qualities of the chemicals to which Mr. Berg was exposed, we decline to do so. Without any verified evidence, or stipulation, of the relationship between the chemicals mixed in and shipped from Houston and the injuries sustained in Canada, the Bergs have failed to meet their burden under section 71.051(f). Based on the evidence submitted, the trial judge did not err by granting the appellees' motion to dismiss. Therefore, we overrule appellants' first point of error.

Accordingly, we affirm the judgment of the trial court.