Opinion issued March 12, 2009

 














In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00281-CV






MOSAMMAT LALILA AND SAJEDA, ET AL., (1) Appellants


V.


PARKER DRILLING COMPANY, PARKER DRILLING COMPANY
INTERNATIONAL LIMITED, AND GSM CONSULTING, INC., Appellees






On Appeal from 152nd District Court

Harris County, Texas

Trial Court Cause No. 2005-54021B






MEMORANDUM OPINION

 Appellants, Mosammat Lalila and Sajeda and 765 other individuals residing
in Bangladesh (collectively "Lalila"), appeal the trial court's order granting the forum
non conveniens motions in favor of appellees, Parker Drilling Company, Parker
Drilling Company International Limited (collectively "Parker"), and GSM
Consulting, Inc. ("GSM"), that results in dismissal of the suit. In its sole issue, Lalila
contends the trial court erred by granting the forum non conveniens motions because
several producing causes of the injury occurred in Texas and because Bangladesh is
an inadequate forum. We affirm the order of the trial court.

Background 

 Niko Resources (Bangladesh), Ltd. ("Niko Bangladesh") entered into a contract
with China Petroleum Technology and Development Corporation ("China
Petroleum") to excavate a gas field in Tangratila, Bangladesh. After the project
began, the Tangratila gas well exploded, injuring nearby residents.

 Niko Bangladesh then contracted with Parker and GSM to drill a relief well. 
Parker was to drill a relief well to divert gas from the original well and to seal off the
gas leak resulting from the explosion, and GSM was to oversee the relief well project. 
Several months later, the relief well also exploded, causing further injuries.

 Lalila and approximately 765 other appellants filed suit against China
Petroleum, GSM, Niko Bangladesh and Niko Resources, Ltd. (collectively the "Niko
Entities"), Parker, and Qasim Sharif, (2) asserting negligence, nuisance, trespass, and
conversion resulting from the two explosions. The Niko Entities filed special
appearances, challenging personal jurisdiction. After discovery was conducted
relating to the convenience of Texas as a forum, the Niko Entities, Parker, and GSM
filed motions to dismiss for forum non conveniens. 

 The trial court granted the special appearances for the Niko Entities and
granted the motions to dismiss for forum non conveniens for Parker and GSM. The
trial court then granted Lalila's motion to sever, creating a separate case against the
Niko Entities and the instant case against Parker and GSM. We previously affirmed
the trial court's grant of special appearances for the Niko Entities. See Lalila v. Niko
Res., Ltd., No. 01-06-00844-CV, 2007 WL 2833550 (Tex. App.--Houston [1st Dist.]
Sept. 27, 2007, no pet.) (mem. op.). The Niko Entities, Qasim, and China Petroleum
are not parties to this appeal.

Forum Non Conveniens

 In the sole issue in this appeal, we address whether the trial court properly
granted the motions to dismiss for forum non conveniens for Parker and GSM. 


 A. Standard of Review

 Dismissals on forum-non-conveniens grounds are discretionary, and we review
the trial court's ruling for abuse of discretion. Baker v. Bell Helicopter Textron, Inc.,
985 S.W.2d 272, 277 (Tex. App.--Fort Worth 1999, pet. denied). A trial court
abuses its discretion by acting without reference to any guiding rules or principles. 
See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). The mere fact that a trial
judge may decide a matter within his discretion in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred. Sw. Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648 (Tex.
1965). 

 B. Availability of Forum Non Conveniens in General

 Courts exercise the equitable doctrine of forum non conveniens to resist
imposing an inconvenient jurisdiction on a litigant. See In re Smith Barney, Inc., 975
S.W.2d 593, 596 (Tex. 1998). Dismissal on forum-non-conveniens grounds ensures
that cases will be heard in the most proper and convenient forum and prevents cases
from being heard in a forum that is fundamentally unfair to the defendant or to the
public. See id. at 598. Forum non conveniens may be available even if long-arm
jurisdiction over the defendant exists and would not violate due process principles. 
See id.; Baker, 985 S.W.2d at 274. 

 C. Proximate or Producing Cause

 Lalila contends that section 71.051(f) prohibits the granting of the motion to
dismiss for forum non conveniens because Lalila's credible evidence demonstrates
that "an act or omission that was a proximate or producing cause of the injury or
death occurred in this state." Lalila states that "Texas companies, individuals and
equipment have been central to the planning, design, supervision and implementation
of the Tangratila gas well project." 

 At the time this lawsuit was filed, section 71.051(f) provided:

A court may not stay or dismiss a claim or action pursuant to Subsection
(b) if a party opposing the motion under Subsection (b) alleges and
makes a prima facie showing that an act or omission that was a
proximate or producing cause of the injury or death occurred in this
state. The prima facie showing need not be made by a preponderance of
the evidence and shall be deemed to be satisfied if the party produces
credible evidence in support of the pleading, which evidence need not
be in admissible form and may include affidavits, deposition testimony,
discovery responses, or other verified evidence.

 

Act of May 27, 1997, 75th Leg., R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680, 1681
(amended 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 71.051(f)
(Vernon 2008)). "A prima facie case represents the minimum quantum of evidence
necessary to support a rational inference that the allegation of fact is true. Whether
this burden has been met is a question of law for the court." Berg v. AMF Inc., 29
S.W.3d 212, 219 (Tex. App.--Houston [14th Dist.] 2000, no pet.) (internal citations
omitted).

 Both proximate cause and producing cause require causation in fact. See
Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995). Causation in fact
means the defendant's act or omission was a substantial factor in bringing about the
plaintiff's injury, which would not otherwise have occurred. See Ford Motor Co. v.
Ledesma, 242 S.W.3d 32, 46 (Tex. 2007). In order to make a prima facie showing
that Parker's and GSM's actions were the "proximate or producing cause" of Lalila's
injuries, Lalila must demonstrate, by credible evidence, that the complained of acts
done by Parker and GSM were "a substantial factor in bringing about his injury which
would not otherwise have occurred." See id.; Berg, 29 S.W.3d at 219-20.

 Lalila first asserts that Parker and GSM "negligently formulated and designed
the Tangratila gas well project." To show that the relief-well rig was planned and
designed by Texas residents in Texas, Lalila points out that the ground pressure
diagram, foundation plan, skidding system and layout, blow out preventer, and plot
plan were prepared or reviewed in Texas by Texas residents. However, Lalila never
explains how any of these products, while created in Texas, are "negligently
formulated and designed." Lalila fails to explain how the design of these products 
caused the second explosion. See IHS Cedars Treatment Ctr. v. Mason, 143 S.W.3d
794, 798-99 (Tex. 2004) (stating causation in fact "cannot be satisfied by mere
conjecture, guess, or speculation"); Berg, 29 S.W.3d at 220 (holding no causal nexus
when plaintiffs failed to link defendants' acts to plaintiffs' damage). 

 Similarly, Lalila contends Parker and GSM "negligently obtained defective
equipment and parts." Though Lalila lists several Texas companies who provided
parts for the relief-well rig, Lalila never explains how the parts themselves were
defective or anything else that would make the parts "negligently obtained" by Parker
and GSM. Lalila therefore never shows how these parts, though obtained in Texas,
caused the second explosion. See Mason, 143 S.W.3d at 798-99; Berg, 29 S.W.3d
at 220. 

 Lalila also alleges that "personnel working on the Tangratila gas well project
were negligent and incompetent." Lalila has evidence demonstrating that many of
Parker's and GSM's employees and officers are Texas residents. To show that the
personnel working on the relief well were "incompetent," Lalila points to a series of
emails exchanged between the Niko Entities and Parker. In one email, the Niko
Entities, after allegedly being contacted by concerned GSM personnel, express
concern over the safety of Parker employees working on the relief rig. In response
to that email, Parker stated that "there has been insufficient leadership at the Parker
Rig Superintendent and Rig Manager positions," and further conceded that the crews
were "not yet used to working this rig, or with each other." These emails establish
that the Niko Entities and Parker were aware of potential safety problems with Parker
personnel. However, Lalila does not allege that these safety concerns ever escalated,
leading to the second explosion. Lalila does not explain how negligent personnel had
any hand in causing the second explosion. See Berg, 29 S.W.3d at 220; Mason, 143
S.W.3d at 798-99. 

 Finally, Lalila contends Parker and GSM "negligently supervised the progress
at the Tangratila gas well project." Lalila presents evidence that Parker employees
in Houston received updates from Parker employees in Bangladesh. Lalila makes no
connection, though, between supervision of the project in Texas and the second
explosion. See Berg, 29 S.W.3d at 220; Mason, 143 S.W.3d at 798-99. In fact,
Lalila has not offered any evidence to suggest what might have caused that explosion. 
 Although Lalila has established that certain acts by Parker and GSM occurred
in Texas, he fails to make a prima facie showing that any of those acts or omissions
were a proximate or producing cause of the injury or death. We hold Lalila has failed
to meet his burden under section 71.051(f). 

 D. Bangladesh as a Forum

 Lalila contends the trial court erred in dismissing the lawsuit because
Bangladesh, as an alternative forum, does not provide an adequate remedy. See Act
of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.04, 2003 Tex. Gen. Laws 847, 854
(amended 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. §
71.051(b)). In support of his argument, Lalila asserts that Bangladeshi courts suffer
from corruption and delays, seldom deploy the class-action mechanism, and render
judgments that are difficult to enforce. 

 The legislature amended section 71.051 in 2003, see Act of June 2, 2003, 78th
Leg., R.S., ch. 204, § 3, 2003 Tex. Gen. Laws 847, and again in 2005. See Act of
May 17, 2005, 79th Leg., R.S., ch. 248, § 1, 2005 Tex. Gen. Laws 448 (current
version at Tex. Civ. Prac. & Rem. Code Ann. § 71.051 (Vernon 2008)). Lalila filed
his suit on August 19, 2005, but the 2005 amendments did not take effect until
September 1, 2005. See id. Therefore, section 71.051 as amended in 2003 controls. 
See id. §§ 2, 3. 

 Section 71.051(b), as was in effect at the time this lawsuit was filed, stated:

If a court of this state, on written motion of a party, finds that in the
interest of justice and for the convenience of the parties a claim or action
to which this section applies would be more properly heard in a forum
outside this state, the court shall decline to exercise jurisdiction under
the doctrine of forum non conveniens and shall stay or dismiss the claim
or action. In determining whether to grant a motion to stay or dismiss
an action under the doctrine of forum non conveniens, the court may
consider whether:


(1) an alternate forum exists in which the claim or action may be tried;


(2) the alternate forum provides an adequate remedy;


(3) maintenance of the claim or action in the courts of this state would
work a substantial injustice to the moving party;


(4) the alternate forum, as a result of the submission of the parties or
otherwise, can exercise jurisdiction over all the defendants properly
joined to the plaintiff's claim;


(5) the balance of the private interests of the parties and the public
interest of the state predominate in favor of the claim or action being
brought in an alternate forum; and


(6) the stay or dismissal would not result in unreasonable duplication or
proliferation of litigation.Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.04, 2003 Tex. Gen. Laws 847
(amended 2005). While the statute does not require a party to prove each of the six
factors, it does require the trial court to consider each factor to the extent applicable. 
See In re Gen. Elec. Co., 271 S.W.3d 681, 687 (Tex. 2008). 

 1. Alternate Forum

 Lalila presents no challenge to the trial court's implicit determination that
Bangladesh is an alternate forum in which the claim or action may be tried.

 2. Adequacy of Remedy in Alternate Forum 

 Lalila challenges only one fact concerning the adequacy of the alternate forum.
Lalila states in his brief that "the Defendants in the underlying case have already
demonstrated the capacity and willingness to engage in corruptive practices to
influence Bangladesh government officials to obtain favorable outcomes." Lalila
refers to a luxury vehicle the Niko Entities purportedly gave to Bangladesh State
Minister of Energy AKM Mosharraf Hossain, who has since resigned. We note that
while Lalila refers to "the Defendants," only the Niko Entities, who are not parties to
this appeal, are alleged to have engaged in the bribery. More importantly, Lalila did
not present any admissible evidence of rampant corruption. Lalila presented the
affidavit of expert witness Paul Carrington to support his contention that the 
Bangladeshi judicial system was pervasively corrupt. However, the trial court struck
much of Carrington's affidavit, including all of the section entitled "Pervasive
Corruption," after Carrington stated his analysis was based primarily on hearsay from
three Bangaldeshi attorneys. When the primary portion of the affidavit was struck,
Lalila was left with no evidence demonstrating corruption within the Bangladeshi
judicial system.

 Lalila's remaining contentions--that the Bangladeshi courts suffer from delays,
seldom deploy the class-action mechanism, and render judgments that are difficult to
enforce--are considerations courts attempt to avoid in forum non conveniens
analysis. See id. at 688. A comparative analysis of procedures and substantive law
in Bangladesh and Texas should only be given weight if Bangladesh would in
substance provide no remedy at all. See id. Comparative analyses "should be given
little weight in forum non conveniens analysis because such analyses pose significant
practical problems." Id. Consideration of speed to disposition of a case should also
be avoided because numerous conditions and events can account for delay. Id. "The
many known and unknown matters affecting pretrial events and trial settings are
necessarily speculative and are reasons comparative analyses have been termed
'complex' and should be avoided in forum non conveniens consideration." Id. 

 Other evidence submitted to the trial court demonstrates that Bangladesh would
not deprive Lalila of a remedy. See id. ("There may be circumstances where an
alternate forum is not adequate because the remedies it offers are so unsatisfactory
that they really comprise no remedy at all."); In re Pirelli Tire, L.L.C., 247 S.W.3d
670, 678 (Tex. 2007) ("That the substantive law of an alternative forum may be less
favorable to the plaintiff is entitled to little, if any, weight. . . . '[A]n alternative
forum is adequate if the parties will not be deprived of all remedies or treated
unfairly, even though they may not enjoy the same benefits as they might receive in
an American court.'" (quoting Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665,
671 (5th Cir. 2003))). Parker presented the affidavit of Rokanuddin Mahmud, who
has practiced law in Bangladesh for more than 30 years, is a former president of the
Bangladeshi Supreme Court Bar Association, and is a Senior Advocate at the highest
appellate court in Bangladesh. In his affidavit, Mahmud explains that Bangladesh's
judicial system is based on the English common law and has a multi-level court
structure headed by the Supreme Court of Bangladesh. He also states that
Bangladeshi rules allow plaintiffs to join together in one action, similar to our class-action mechanism, and recognize the types of torts asserted by Lalila--negligence,
trespass, nuisance, and conversion. Lalila would not be deprived of a remedy by
litigating his claims in Bangladesh. See Pirelli Tire, 247 S.W.3d at 678 (holding
plaintiff not deprived of remedy even when court assumed Mexican law does not
provide cause of action for strict liability, provide for jury, or allow "American-style"
discovery).

 3. Substantial Injustice to Moving Party

 Parker asserts that it would suffer a substantial injustice if this suit were
litigated in Texas. Parker notes "the legal inability and prohibitive costs of bringing
witnesses from Bangladesh," plus the cost of translating witness testimony. Lalila
responds in his reply brief that because Lalila "ultimately bear[s] the burden of proof
for the case, the majority of the cost of obtaining the evidence would fall more onto
the shoulder of [Lalila] than the Appellees." Lalila also implies that increased
expenses for Parker and GSM as a result of a Texas forum would not present a
substantial injustice because "[b]oth Appellees the Parker Entites and GSM are large
multi-national corporations with significant financial resources at their disposal." 
Because the vast majority of the evidence concerning this litigation would be from
Bangladesh, we cannot conclude the trial court abused its discretion by implicitly
determining that Parker would suffer substantial injustice in having to litigate this
dispute in Texas.

 4. Jurisdiction over Parties in Alternate Forum

 On appeal, Lalila presents no challenge to the trial court's implicit
determination that the alternate forum, as a result of the submission of the parties or
otherwise, can exercise jurisdiction over all the defendants properly joined to the
plaintiff's claim.

 5. Balance of Private and Public Interests

 Lalila does not raise this issue in its original brief. We agree with Parker that
the issue is waived on appeal. See Tex. R. App. P. 38.1(i). Nevertheless, we note that
the public interest in this case is in Bangladesh because Bangladesh has a strong
interest in protecting its citizens, the 765 plaintiffs in this case. See Pirelli Tire, 247
S.W.3d at 679 ("Mexico's interest in protecting its citizens and seeing that they are
compensated for their injuries is paramount. The safety of Mexican highways and
products within the country's borders are also Mexican interests."). In addition,
private-interest factors favor Bangladesh as a forum because all plaintiffs, who are
also witnesses, are located in Bangladesh, and key evidence such as the oil rig as well
as the explosion site itself is located in Bangladesh. See id. at 678-79.

 6. Duplicate Litigation

 Lalila does not address the probability of duplicate litigation if this lawsuit
remains in Texas. However, in its brief, Parker notes that Lalila "could bring suit
against all of the defendants in Bangladesh--which [Lalila] cannot do here, since
there is no jurisdiction in Texas over the Niko entities." Thus, allowing Lalila's suit
against Parker and GSM to proceed in Texas while Lalila's suit against the Niko
Entities must proceed outside of Texas results in duplicate litigation. This factor
weighs in favor of dismissing Lalila's suit.

 We conclude the trial court did not abuse its discretion by dismissing the
claims under the doctrine of forum non conveniens upon determining that, in the
interest of justice and for the convenience of the parties, the claims against Parker and
GSM would be more properly heard in a forum outside this State.

 We hold the trial court did not err by dismissing the suit for forum non
conveniens. We overrule Lalila's sole issue.





Conclusion

 We affirm the order of the trial court.

 

 

 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


APPENDIX
HALIMA BEGUM, Individually, and as next friend of ASHFIA AKHTER SRITI,
MONIRA BEGUM, JASIM UDDIN, ABDUL LATIF, Individually, and as next
friend of BAJASTER, ABDUL JABBAR, ABU SAYAD, SAMAD, MD. NAZIR
HOSSAIN, Individually, and as next friend of HAPIA BEGUM, ABDUL LATIF,
Individually, and as next friend of NOOR MUHAMMAD, HAFIA KHATUN,
JAHIRUL ISLAM, MD. NAZIR HOSSAIN, Individually, and as next friend of
SUJAN, SUMON, ISMAIL ALI, Individually, and as next friend of JARINA
KHATUN, MD. NAZIR HOSSAIN, Individually, and as next friend of MUKTA,
ISMAIL ALI, Individually, and as next friend of ALAMAS, JUNAIDUL ISLAM,
MD. NAZIR HOSSAIN, Individually, and as next friend of SAJUL, ISMAIL ALI,
Individually, and as next friend of ASMA KHATUN, MD. NAZIR HOSSAIN,
Individually, and as next friend of UJJAL, ISMAIL ALI, Individually, and as next
friend of SALMA, TASLIMA KHATUN, RAHIMA BEGUM, Individually, and as
next friend of MOFIZ UDDIN, HAZRAT ALI, ZABBAR, JAHANGIR, JASMIN,
MRS. AMERA BEGUM, Individually, and as next friend of GOLAM MUSTAFA,
RAHIMA BEGUM, Individually, and as next friend of DOLLY, MRS. AMERA
BEGUM, Individually, and as next friend of MD. JHURE MEA, MONOWARA
BEGUM, ABBAS MIA, Individually, and as next friend of SURAYA BEGUM,
ALAMIN, PAPPU, MRS. AMERA BEGUM, Individually, and as next friend of
DELOWARA BEGUM, ABBAS MIA, Individually, and as next friend of HAMID,
MONIKA, KHOKA MIA, Individually, and as next friend of AMBIA, ABDUS
SALAM, Individually, and as next friend of ROMANA BEGUM, KHOKA MIA,
Individually, and as next friend of MOKBUL, TASLIMA, KARIMA, AKTER,
ABDUS SALAM, Individually, and as next friend of RAKIBUL HASSAN, KHOKA
MIA, Individually, and as next friend of ASIA, MUKTER, ABDUS SALAM,
Individually, and as next friend of RUBEL HASSAN, GOLAM MUSTAFA,
Individually, and as next friend of RUPIA AKTER, MARINA AKTER,
ANJUMANARA BEGUM, NASRIN AKTER, Individually, and as next friend of
ABDUL JABBAR, HOSSAIN ALI, Individually, and as next friend of JAMINA
KHATUN, SAKIL AHMED, HASINA KHATUN, FALU MIA, NASRIN AKTER,
Individually, and as next friend of MD. ARIAN MAHMUD, MOHAMMAD ALAK
MIR, Individually, and as next friend of MEHROONESA, MIZANUR RAHMAN,
FIROZA BEGUM, Individually, and as next friend of JAKIR HOSSAIN,
MOHAMMAD ALAK MIR, Individually, and as next friend of ALAMGIR,
SHAHALAM, ABDUL HAKIM, Individually, and as next friend of SEKU MIA,
FOYEJUR KHATUN, FIROZA BEGUM, Individually, and as next friend of
RUHMUT ALI, RINA, MORIAM, SALEHA, Individually, and as next friend of
ABUL KASHEM, NOORJAHAN, NAZMA, RUBINA, RAHAM ALI, HOSSAIN,
Individually, and as next friend of AMINA KHATUN, MD. NURU MIA,
Individually, and as next friend of MAJEDA BEGUM, HOSSAIN, Individually, and
as next friend of SAHARA KHATUN, MD. NURU MIA, Individually, and as next
friend of AMINA, HOSSAIN, Individually, and as next friend of ALIA KHATUN,
RUBEL, MD. NURU MIA, Individually, and as next friend of ASHEA, HOSSAIN,
Individually, and as next friend of JEWEL, FAIZUNNESA, Individually, and as next
friend of FAIZUNNESA, MD. NURU MIA, Individually, and as next friend of ALI
AHMED, HELENA BEGUM, Individually, and as next friend of ABDUL RASHID,
ZAKIR HOSSAIN, MONIR HOSSAIN, AMIN HOSSAIN, MD. NURU MIA,
Individually, and as next friend of MD. MIAR UDDIN, HELENA BEGUM,
Individually, and as next friend of RASHIDA, MD. NURU MIA, Individually, and 
as next friend of AYESHA BEGUM, MANIK MIA, Individually, and as next friend
of SURAYA BEGUM, MASUD, SHARMI, SONIA, MASUM, SHARITI, DILBER
NESA, Individually, and as next friend of ABDUL SAMAD, ROBIUL, SUFIA
KHATUN, KAMRUL, SANORA KHATUN, Individually, and as next friend of
ALAUDDIN MIA, SALIM, KAJOL MIA, JOSNA BEGUM, MUSLEM ALI,
Individually, and as next friend of ASSIA, MOHAMMAD ALLAL MIA,
Individually, and as next friend of MINUDDIN, ASHIA KHATUN, HAJARA
BEGUM, Individually, and as next friend of ABDUL BARAK, SHUK ABDULLA,
FARID MIA, HAMID, ATIA, SHAHEEN, SABINA, MD. ROJOB ALI, Individually,
and as next friend of NASIMA AKTER, I DUTAN, JASMIN, AKTER, JAKIR
HOSSAIN, Individually, and as next friend of RAZINA AKTER, TAMANNA
AKTER, SHARMIN AKTER, MD. RAFIQUL ISLAM, Individually, and as next
friend of ROKEYA BEGUM, MD. TAJUL ISLAM, SHERAJUL ISLAM, JAMAL
UDDIN, ABU HANIF, ANOWARA BEGUM, MONOWARA BEGUM, HAZIRA
KHATUN, NURJAHAN, RAHMAT ALI, Individually, and as next friend of
DELOWARA BEGUM, NIMON MIA, SUMON MIA, ABU TAHER, Individually,
and as next friend of HOSNEARA BEGUM, MINARA KHATUN, HABIBULLAH,
RAZA MAHMUD, Individually, and as next friend of MD. AZIM UDDIN, SALMA
BEGUM, FANNA, MOJNU, DUJA, KHADIN, HASSAN UDDIN, Individually, and
as next friend of JOSNA BEGUM, HANIFA, ALAM, HARUN, RAHIMA, AKIMA,
HASINA, SALEHA, ROZINA, TASLIMA, HARUN UR RASHID, Individually, and
as next friend of ABDUL ALI, SOKINA BEGUM, NAZRUL ISLAM, NUR UDDIN,
NIZAM UDDIN, HELEN AKTER, ANOWARA BEGUM, ASMA AKTER,
ASROFA, HASINA AKHTER, Individually, and as next friend of HASINA
AKHTER, FARASH ALI, Individually, and as next friend of ANWARA B,
ANWARA BEGUM, HOSHAIN, AMINA, GOLAPI, OLI MIA, SHAH ALAM,
SHAMIN, RIAZ HOSSAIN, LIZA, NURJAHAN, Individually, and as next friend of
ROSHID MIA, REHANA KHATUN, MD. MOKBUL HOSSAIN, Individually, and
as next friend of LILA AKTER, RANI AKTER, IMAM UDDIN, Individually, and
as next friend of SHAFI UDDIN, ROKEYA BEGUM, JOSHIM UDDIN, MOIN
UDDIN, SUFIA, SUFIA, HASINA, SHAHINA, ALEYA, Individually, and as next
friend of ALAL UDDIN, ROJINA KHATUN, SALIM, KAJOL, SAKIB, MD.
ABDUR RAHMAN, Individually, and as next friend of JAHANARA BEGUM,
KULSUM BEGUM, HANNAN RASHID, LUBNA, HASAN, FARIDA KHATUN,
Individually, and as next friend of SHAHJAHAN MIA, SHIRINA KHATUN,
SHAHANA KHATUN, IMRAN HOSSAIN, Individually, and as next friend of
ABUL HOSSAIN, REHANA BEGUM, REBEKA BEGUM, HONUFA BEGUM,
Individually, and as next friend of HOSNEARA, IQBAL HOSSAIN, MOHAMMAD
ISMAIL, Individually, and as next friend of KHORSHEDA, BAKUL, HALIMA,
SHELINA, MAMATAJ MIA, MASUMA, MOHAMMAD GOLAP MIA,
Individually, and as next friend of NUROON NAHAR, NOOR MOHAMMAD,
NOOR AHMED, KULSUM, BEAUTY, MD. SHARIFUL ISLAM, Individually, and
as next friend of MOJAMMEL HUQ, SOBUJ, SHEWLY, KAMAL HOSSAIN,
Individually, and as next friend of RAZA MIA, KAMLA BEGUM, SHEWLY
AKTER, ROJINA, SHOFIQ, MD. MOTIN, Individually, and as next friend of AROB
ALI, RABEYA, DOLON MIA, BABU, MOSTAFA, MASRUMA, ABU HANIF,
Individually, and as next friend of AYESHA AKTER, MAHBUBUL ALAM,
MOHIBUR RAHMAN, BURHAN UDDIN, FARUK MIA, Individually, and as next
friend of AFROZA, HOSSAIN, KHADIZA, AL-AMIN, ABDUL KHALEK,
Individually, and as next friend of RAMJANI BEGUM, SUJON, IBRAHIM,
NARGIS, FARIDA, KAMAL HOSSAIN, Individually, and as next friend of ABDUL
MALEK, ASIFA, NAZMA, KARINA, JAYNAL, NAZIR HOSSAIN, AZIR MIA,
JOSNA, MOHAMMAD SHAHALAM, Individually, and as next friend of
MANZINA AKTER, SHAJUL, MD. SHEHAB UDDIN, Individually, and as next
friend of ABDUL JALIL, HAZIRA KHATUN, JOINAL, KAMAL, SHARIFA,
ABDUL MOJED, Individually, and as next friend of RASHEDA, MOJIDA,
MAJEDA, RAMJAN, MODHU, SUKUR ALI, Individually, and as next friend of
MONOWARA BEGUM, MOHAMMAD ALI, AHAMMED ALI, IDRIS ALI, UNUS
ALI, KULSUM ALI, MINARA AKTER, Individually, and as next friend of NOBI
HOSSAIN, PAVEL AHMED, RUBEL, MOHAMMAD RAFIQ, Individually, and as
next friend of JAHANARA KHATUN, JAKIR HOSSAIN, MOKTER HOSSAIN,
AKTER HOSSAIN, RAHIMA KHATUN, MOSLEM UDDIN, Individually, and as
next friend of SOKHINA, RASEL, SHARMIN, SIMA, ABDUL KADER,
Individually, and as next friend of RUMA AKHTER, KOHINUR AKHTER,
SHURUJ MIA, Individually, and as next friend of ALEKHA BEGUM, IDRIS MIA,
ZAKIR HOSSAIN, SHAHANA BEGUM, REKHA, SALMA, KULSUM,
GULSHAN HOSSAIN, Individually, and as next friend of TAMIZ UDDIN,
JULEKHA KHATUN, ROZINA, ASAD, AMBIA, SHILPI, JAMILA KHATUN,
Individually, and as next friend of SHAFIQ UDDIN, ZOHUR, MUSLIM, MONI,
JOHURA KHATUN, Individually, and as next friend of JOHURA KHATUN,
FAZLUL HUQ, Individually, and as next friend of MAIN, MAIN UDDIN,
FATEMA, MANZINA, MAHMUDA, MONIRA, ASMA AKHTER, Individually,
and as next friend of AMIN MIA, ARIFUL ISLAM, SHARMIN AKHTER,
KHUDEJA BEGUM, Individually, and as next friend of MD. MANIK, MD. MANIK
MIA, MORJINA AKTER, ABDUL BASIT, Individually, and as next friend of
RAHIMA, EMON, RUKSANA, RUKSHANA, MUNTAJ ALI, Individually, and as
next friend of MUSLIM UDDIN, RAHIMA BEGUM, RAJU MIA, KAJAL, SALMA,
JOSNA, CHAN MIA, Individually, and as next friend of AMBIA, UKESME,
MUKLES, JAHIDA KHATUN, MANNAN MIA, ZIAUR RAHMAN, Individually,
and as next friend of NASIMA AKHTER, NAZRUL ISLAM, KHALILUR, HASINA
AKTER, ROZINA AKTER, MOHAMMAD HABIBULLAH, Individually, and as
next friend of ASHRABENNESA, MOHAMMAD ZHAHIDULLAH, MIZAN,
PARVIN, MD. NUR MOHAMMAD, Individually, and as next friend of SHOFER
ALI, HOZRAT ALI, AMINA, MOSHARROF HOSSAIN, Individually, and as next
friend of SHAMIMA, SHORNALI, MUSLIM, FULMALA, FULLMALA, TAJU
MIA, Individually, and as next friend of NOOR JAHAN, RUPBAN, ROKEYA
BEGUM, Individually, and as next friend of SHAMSUL HUQ, JAHIRUL HUQ,
ENAMUL HUQ, MAHAMUDUL ALAM, Individually, and as next friend of
JAHANARA BEGUM, HABIBUR, AL-AMIN, RAKIBUN, HAMIDA, SHARMIN
AKHTER, JULEKHA AKTER, Individually, and as next friend of DULAL MIA,
DULAL MIA, MORIAM AKTER, SHARIF, SHAHARA KHATUN, Individually,
and as next friend of MAHMUD ALI, JORINA BEGUM, MAJIDA, Individually, and
as next friend of AMIN UDDIN, RAHIMA, NAJMA AKTER, Individually, and as
next friend of ASAD MIA, MOSLEMA, SHAHID, SAMSUN NAHAR BEGUM,
Individually, and as next friend of NOOR MOHAMMAD, ABU KALAM, MORIAM
BEGUM, Individually, and as next friend of SHOHAG MIA, ENNAS ALI, FARIDA,
ABDUL BARIK, Individually, and as next friend of MARIUMNESA, JOSNA
BEGUM, RAFIQUL ISLAM, MD. NURUL ISLAM, Individually, and as next friend
of HOSNEARA BEGUM, SHAFIQUL ISLAM, TANIE, TAKMINA, NAZRUL
ISLAM, Individually, and as next friend of ABUL HOSSAIN, RABEYA BEGUM,
NOOR MOHAMMAD, RAHIMA, ASMA, JAHARA KHATUN, Individually, and
as next friend of HAJARA, OSMAN GONI, Individually, and as next friend of
KOHINUR AKTER, MORIAM AKTER, RUKSHANA, ALA UDDIN, Individually,
and as next friend of SANOWARA KHATUN, ALEYA KHATUN, SALIM, KAJOL,
RESHMA, SAKIB, ROJINA, IDRIS ALI, Individually, and as next friend of
SHAFIA KHATUN, YASMIN, TAMANNA, ABDUL MANNAF, Individually, and
as next friend of FULBANU, RAMJAN, SUBOL, AL-AMIN, SHAHID, FATEMA,
NAZMA, ABDUR RAHIM, Individually, and as next friend of HAMIDA BEGUM,
SHAHNUR, SHAHANAZ, ABDUL RAHIM, Individually, and as next friend of
MONTAJ, NURJAHAN, AMINA KHATUN, FATEMA, BOBITA, NAZRUL,
SUMON, MOHAMMAD SAMSUDDIN, Individually, and as next friend of SAKHA
BEGUM, BIPLOB MIA, RUBEL MIA, AKHLIMA BEGUM, ATAUR ALI,
Individually, and as next friend of WAZIFA KHATUN, MURAD, MD. ASHRAF
UDDIN, Individually, and as next friend of SHERINA KHATUN, AYESHA, MALU,
NAJMA, ABDUL MANNAN, Individually, and as next friend of ANOWARA
BEGUM, KHOKON, SADIA, LAKMOT ALI, Individually, and as next friend of
HODEJA BEGUM, AL-AMIN, ZAYEN, ZAYEM, MD.SULTAN, Individually, and
as next friend of ROMIJA KHATUN, MOROM ALI, SHOPNA KHATUN,
KHADEJA, SANIA, KAMAL HOSSAIN, Individually, and as next friend of JAMAL
HOSSAIN, SHAHBUDDIN, SHARIFA KHATUN, HAZERA BEGUM, ABDUL
JALIL, MOSAMMAT LALILA, Individually, and as next friend of SURAVI
AKHTER, SULTAN ISLAM, Individually, and as next friend of AMINA BEGUM,
AYESHA BEGUM, JASMIN, TAHERA, KASHEM, FAZILAT, HALIM MIA,
Individually, and as next friend of HARESA BEGUM, ARIFA BEGUM, SHIPA
AKHTER, SUKURI BEGUM, Individually, and as next friend of ABDUL JABBAR,
MOSAMMAT RINA AKTER, MD. TAZEL MIA, Individually, and as next friend
of TASLIMA BEGUM, UMME KULSUM, AFIA KHATUN, Individually, and as
next friend of TAZEUDDIN, NASIMA KHATUN, NAJMA KHATUN, DOLLY
KHATUN, RABIA BEGUM, Individually, and as next friend of ABUL HOSSAIN,
NUR MOHAMMAD, NAZRUL ISLAM, RAHIMA BEGUM, ASMA BEGUM,
SAJEDA, Individually, and as next friend of ANWAR HOSSAIN, SAIFUL ISLAM,
HAZRAT ALI, Individually, and as next friend of SHANA AKHTER, HAZERA
KHATUN, RUSSELL NOOR, ABDUL RAHMAN, Individually, and as next friend
of AMINA KHATUN, BOGDAL MAMUN, RINA BEGUM, Individually, and as
next friend of DULAL, UKIL, IBRAHIM, ISMAIL, NAIMA, KHURSHIDA,
MOHAMMAD BADSAH MIA, Individually, and as next friend of AMINA
KHATUN, HOZILA AKHTER SHEULI, ABDULLAH AL- MAMUN, HASSINA
AKTER, Individually, and as next friend of NASIR UDDIN, HAMIDA, NAJMA,
POLLY, BEDON BIBI, Individually, and as next friend of SURUZ ALI, AKHTER
MIA, RIPON MIA, ABDUL KHALIQ, Individually, and as next friend of OZUFA
KHATUN, ZAKIR HOSSAIN, JAMAL HOSSAIN, KAMAL HOSSAIN, IMAN
HOSSAIN, ASIA KHATUN, KHODEJA KHATUN, ASHIA KHATUN,
Individually, and as next friend of ABDUL MUTALIB, KIBER HOSSAIN, ARIF
HOSSAIN, SHARIF HOSSAIN, MARUF HOSSAIN, SABINA, SULTANA,
MINARA, ABUL KASHEM, Individually, and as next friend of NAIMA, KOLIFA,
HAZERA KHATUN, REHANARA, SHAHENARA, MONIRA, MIZANUR
RAHMAN, Individually, and as next friend of ANOWARA BEGUM, ABDUR
RASHID, RAZIA, SAMIA AKHTER, AL-AMIN, SHAHILA KHATUN,
Individually, and as next friend of ABDUL RAZZAK, SOJIB, SHARMIN, SHAKIL
AHMED, ABDUL KARIM, Individually, and as next friend of ROKIA KHATUN,
LITON MIA, ASMINA KHATUN, SUFIA, Individually, and as next friend of
YUSUF ALI, FARUK, KABIR MIA, ASMA KHATUN, NAZMA AKHTER,
RUMA, HAROON-UR RASHID, Individually, and as next friend of AYESHA
KHATUN, HOSSAIN MIA, SUFIA BEGUM, Individually, and as next friend of
MUSLIM UDDIN, ROKIB MIA, MUSLIMA, SAKIB MIA, SUMI AKHTER,
Individually, and as next friend of PARUL AKHTER, MODINA KHATUN,
Individually, and as next friend of TAJUL ISLAM, MUBARAK MIA, MUSARRAF
MIA, ROKEYA BEGUM, RANI BEGUM, NAYAN MIA, LAILEE BEGUM,
Individually, and as next friend of ABDUL MALEK, SAMSUN NAHAR,
NURUNAHAR, HALIMA, AL-AMIN, LIPON, MIRAJUL, NOORJAHAN,
Individually, and as next friend of HASEN MIA, JULIA BEGUM, MOUSUMI
AKHTER, SHOHAG MIA, TAMIM MIA, RIDOY MIA, NASIMA KHATUN,
Individually, and as next friend of RAZAB ALI, JASMIN, ABUL KASHEM,
Individually, and as next friend of REKHA BEGUM, KADRIA SULTANA,
MAHABUB, NURUN NAHAR, Individually, and as next friend of ABDUL BATEN,
TAZUL ISLAM, SHAHIDUL ISLAM, ASMA AKHTER, HASINA AKHTER,
ABUL KAMAL, Individually, and as next friend of ALEYA KHATUN, YASMIN
AKHTER, SHEULI AKHTER, RUBEL MIA, BOKUL AKHTER, ASAD MIA,
Individually, and as next friend of JULASA KHATUN, RUNA, NABI, SHOFOR
ALI, ASFIA KHATUN, Individually, and as next friend of MAMUN AHMED,
ZINIA, HOSNE- ARA BEGUM, Individually, and as next friend of MOHAMMAD
RAMJAN, MOHAMMAD RAMZAN, RUKHSANA AKHTER, REHANA
AKHTER, Individually, and as next friend of HOSSAIN ALI, ABDUL KHALEQ,
Individually, and as next friend of MOMENA BEGUM, MOKHLES MIA, EKHLAS
MIA, ELIAS MIA, PARVIN AKHTER, SHAFIQUL ISLAM, Individually, and as
next friend of MARZI AKHTER, RESHMI, ZAKIR HOSSAIN, Individually, and as
next friend of RAFEZA AKHTER, TAMANNA AKHTER, SHARMIN AKHTER,
MEHER-UN-NESSA, Individually, and as next friend of SHIRINA BEGUM,
MOHAMMAD ALAL MIA, Individually, and as next friend of ASMA KHATUN,
ABDUL MATIN, Individually, and as next friend of LAAL BANU, ANOWAR,
ABDUR RAHIM, RAHMAT ALI, Individually, and as next friend of KHODEZA
KHATUN, POPI AKHTER, SHARMI AKHTER, RAMIZ UDDIN, Individually, and
as next friend of ZAIDA KHATUN, AKRAMUL ISLAM AYON, RUKHSANA
AHMED UMA, BAZLUL MAMUN, Individually, and as next friend of MOUSUMI
AKHTER. 


1. A list of all appellants is attached as an appendix to this opinion.
2. Qasim Sharif was president of Niko Bangladesh and attorney-in-fact for Niko.